Cecil C. **SHROCK**,
Plaintiff-Appellant/Cross-Appellee,

v.

**ALTRU NURSES REGISTRY**,
Defendant-Appellee/Cross-Appellant.

Nos. 85–2850, 86–1161.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 20, 1986.
Decided Jan. 20, 1987.

Keith C. Hult, Matkov, Griffin, Parsons, Salzman & Madoff, Donna M. Banik, Chicago, Ill., for defendant-appellee/cross-appellant.

Cecil C. Shrock, pro se.

Before POSNER and EASTERBROOK, Circuit Judges, and PELL, Senior Circuit Judge.

POSNER, Circuit Judge.

Shrock is a male nurse; Altru is a business which refers nurses registered with it to persons needing a nurse. In 1979 Shrock filed charges with the EEOC, followed later by a suit under Title VII, alleging that Altru was refusing to refer male nurses to female patients. The suit was dismissed on August 26, 1983, pursuant to a settlement between Shrock and Altru. Two and a half weeks later Shrock filed new charges with the EEOC, again followed by a suit, charging that beginning the day after the settlement of the previous suit Altru had again discriminated against him. How he knew this is unclear. The result of the settlement had been to put him back on the registry, but at the bottom, so unless Altru in two and a half weeks had a lot of inquiries from female patients, it might have made no referrals to him even with the best will in the world. In any event the new suit was dismissed on Altru's motion for summary judgment, Judge McMillen stating, "This is a *pro se* complaint which should never have been filed, and defendant is probably entitled to attorney's fees under 42 U.S.C. § 1988." Altru moved for an award of attorney's fees, but by then Judge McMillen had resigned from the bench, and the case was assigned to Judge Plunkett, who denied the motion without any statement of reasons. Shrock appeals from the dismissal of his suit and Altru cross-appeals from the denial of its motion for an award of attorney's fees.

Unless Altru in 1983 was an employer, an employment agency, or a labor union, it cannot be liable to Shrock under Title VII. See 42 U.S.C. §§ 2000e-2, e-3. Of course it was not a labor union. And it was neither Shrock's employer—he, clearly, was an independent contractor—nor the employer of the other nurses registered with it, and with all these excluded Altru did not have enough employees to be an employer in the special sense in which Title VII uses this word. See 42 U.S.C. § 2000e(b). We therefore need not decide when, if ever, an employer covered by the statute can be held liable for conduct toward someone who is not its employee; but we note in passing that *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338 (D.C.Cir. 1973), and *Doe v. St. Joseph's Hospital*, 788 F.2d 411, 421–25 (7th Cir.1986), cases which support liability for interference by hospitals on grounds of sex (or other grounds deemed discriminatory by Title VII) with their patients' retaining a nurse or doctor, are distinguishable. They involve an indirect employer-employee relationship between the hospital and the nurse (or doctor); there is no such relationship between a referral agency and the workers it refers.

That leaves the question whether Altru was an employment agency. It was if it "regularly [undertook] ... to procure employees *for an employer* or to procure

for employees opportunities to work *for an employer.*" 42 U.S.C. § 2000e(c) (emphasis added). The reference is to the statutory definition of employer. Since—according to affidavits that Shrock failed to rebut in the manner prescribed by Fed.R.Civ.P. 56—Altru refers nurses only to individual patients and to persons (mainly doctors) acting on behalf of individual patients, and since neither patient nor doctor is a Title VII employer, the district court was unquestionably correct in granting Altru's motion for summary judgment and dismissing the complaint.

We turn to the cross-appeal. In light of Judge McMillen's statement that Altru was probably entitled to an award of attorney's fees (not under 42 U.S.C. § 1988, though, for that statute does not apply to Title VII, but under 42 U.S.C. § 2000e–5(k), a materially identical provision), Judge Plunkett's action in denying, without any statement of reasons, the modest award requested ($2,524.50) puzzles us. The fact that Shrock was a Title VII plaintiff would not automatically disentitle Altru to an award of attorney's fees; a defendant in a Title VII suit is entitled to such an award if the plaintiff's suit is "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); see *Bacon v. American Federation of State, County & Municipal Employees Council, #13*, 795 F.2d 33 (7th Cir.1986). Nor would the fact that Shrock was not represented by counsel disentitle Altru to an award of attorney's fees (see *id.*)— though as a matter of fact he was represented by counsel throughout most of the district court proceeding, and his reply to the request for attorney's fees was prepared by counsel.

What is true, however, is that this suit is not frivolous in the traditional sense of making an utterly groundless claim. Maybe Altru did discriminate against Shrock; and *Sibley* and *Doe* gave him a shot at bringing Altru within the jurisdiction of the statute as an employer if Altru turned out to have enough employees, while if Altru referred nurses to hospitals or doctors seeking to hire them it would be within the statute as an employment agency. But there is another ground besides section 2000e–5(k) for awarding attorney's fees to Altru: Shrock's failure, before bringing suit, to make any effort to find out whether he had a factual basis for a suit. This failure of inquiry or investigation brings Rule 11 of the Federal Rules of Civil Procedure into play. Shrock filed charges less than three weeks after he settled his previous suit against Altru and was put back on Altru's registry. Without inquiry—and he made none—Shrock could have no basis for believing that Altru had had enough inquiries from female patients since Shrock was put back on the registry to make any referrals of such patients to him. Nor did Shrock make any effort before bringing suit to find out how many employees Altru had and whether Altru referred nurses to hospitals and doctors as well as to patients. It is true that Shrock tried to submit to this court evidence that Altru did refer nurses to hospitals, but this evidence was not presented in the district court, and thus comes too late. It is late in another sense; it pertains to 1975—eight years before this suit was filed. Shrock's reply to Altru's motion for attorney's fees—a reply prepared, as we have said, by Shrock's lawyer—did not claim that Shrock had made any investigation before filing the suit.

Rule 11, as recently amended, by its terms requires—it does not merely permit—the district court to impose sanctions on a plaintiff who files a complaint without some minimum of previous investigation, here missing. See *Unioil, Inc. v. E.F. Hutton & Co.*, 802 F.2d 1080, 1089–91 (9th Cir.1986); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1173–75 (D.C.Cir.1985). The amended rule is applicable to this case; and by its express terms it is applicable to parties who are unrepresented, such as Shrock. The fact that Shrock filed the complaint without the assistance of counsel thus did not excuse him from having to

investigate the factual basis of his suit. He could not rely entirely on his personal knowledge, for all he knew was that in two and a half weeks he hadn't received a referral. (This is the period between the settlement of the first suit and the filing of his charge with the EEOC, not the filing of the second suit, but there is no indication that he did any investigating after filing the charge.) Anyway his personal knowledge did not embrace the matter of referrals by Altru to hospitals. Or if his personal knowledge did somehow embrace these things he was obliged to point that out (through counsel) when he filed his reply to the motion for attorney's fees, and he failed to do this.

We are given pause, however, by the fact that Altru's motion for attorney's fees did not mention Rule 11; it relied solely on 42 U.S.C. § 1988 (that was wrong too, as we said). This would not matter if section 1988 (and 42 U.S.C. § 2000e–5(k)) incorporated the standard of Rule 11, but Altru doesn't argue that. Now it is true that a request for sanctions under Rule 11 is not a prerequisite to their imposition; the rule is explicit that the judge may act on his own initiative. Therefore we do not treat Altru's failure to mention Rule 11 in the district court (it mentioned it for the first time in its brief in this court) as a waiver of Rule 11 sanctions. But in failing to mention the rule Altru may have lulled Shrock into thinking that he could meet the motion simply by making clear that the complaint was not utterly groundless, rather than by showing in addition that he had made an adequate investigation of the facts before filing the complaint. We think Shrock should have a chance to persuade the district judge that the standard of Rule 11 has not been met. Therefore, while affirming the dismissal of the complaint, we vacate the order denying attorney's fees and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.