**Jerry D. GEORGE, Plaintiff,**

v.

**BETHLEHEM STEEL CORPORATION, Defendant.**

**Civ. No. H85–731.**

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 10, 1987.

James B. Meyer, Gary, Ind., for plaintiff.

Larry G. Evans, Valparaiso, Ind., for defendant.

## ORDER

MOODY, District Judge.

This matter comes before the court on defendant Bethlehem Steel Corporation's ("Bethlehem") petition for attorney fees and expenses filed April 30, 1987. Plaintiff George filed a "Motion to Strike, or in the Alternative, for More Particular Statement" on May 12, 1987. Subsequently, on June 29, 1987, Bethlehem filed a Supplemental Memorandum in Support of its original motion to which the plaintiff responded on July 14, 1987. The defendant replied to the plaintiff's response on July 21, 1987. For reasons discussed below, Bethlehem's motion for attorney's fees and expenses is GRANTED.

### I.

Plaintiff George, a black male, filed his complaint in this action on July 23, 1985 alleging that Bethlehem, as his employer, violated Title VII, 42 U.S.C. §§ 2000e–5 *et seq.*, by failing to recall him on the basis of his race and sex. At the beginning of the trial, the court, as is its custom with *pro se* litigants, instructed plaintiff George on the relevant burdens of proof and his obligations as a plaintiff in a Title VII case. At trial, however, George offered only four documents and his own testimony in support of his case. Therefore, in an order dated June 16, 1987, the court found for defendant and concluded that plaintiff George lacked any factual basis to raise an inference of discrimination, let alone to file a federal lawsuit, against Bethlehem.

At the end of the trial, the court granted Bethlehem leave to file a petition for fees by May 1, 1987 and George was given until May 8, 1987 to respond. Bethlehem filed its petition for fees on April 30 and George moved to strike the petition for failure to

provide the particularized grounds for the relief sought. Because neither party presented substantive arguments on whether the facts in this case warranted an award or sanction of fees, the court directed the parties attention to recent Seventh Circuit opinions. Both parties have now supplemented their previous motions with substantive arguments concerning the award of attorney's fees in this case.

## II.

The defendant supports its request for fees and expenses pursuant to Rule 11 of the Federal Rules of Civil Procedure.[1] In relevant part, Rule 11 provides:

> [a] party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address ... [t]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and *belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law* or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ... [i]f a pleading, motion, or other paper is *signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction,* which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. (emphasis added).

Rule 11 applies to *pro se* plaintiffs like Mr. George. *Shrock v. Altru Nurses Registry,*

810 F.2d 658 (7th Cir.1987). In *Shrock,* the court held that "Rule 11, as recently amended, by its terms requires—it does not merely permit—the district court to impose sanctions on a plaintiff who files a complaint without some minimum of previous investigation". *Id.* at 661.

Defendant Bethlehem alleges that plaintiff George failed to investigate the factual basis of the suit. In particular, Bethlehem argues that George knew all along that his Union, and not Bethlehem, decided who was to be recalled to work on the United Way campaign. Thus, if Bethlehem was to be held liable for discrimination, George was required to investigate the reasons for the Union's decision, determine that the Union acted unlawfully, and finally, show that Bethlehem should not have followed the Union's recommendation. George produced no evidence concerning the Union's conduct in this case.

■ Furthermore, as stated in this court's order dated June 16, 1987, the plaintiff failed to investigate the law required to prove discrimination in Title VII cases. A plaintiff bringing a Title VII case alleging unlawful discrimination must present evidence demonstrating actual discriminatory intent, or at least raising the inference of bad intent, on the part of the defendant. George presented no such evidence at trial. In fact, he offered no witnesses, apart from himself, and his documentary evidence was, at best, neutral. George presented no evidence showing that other union members, with recall rights identical to his own, were recalled while he was not.

■ Because the plaintiff did not make the minimum factual and legal investigation as required in Rule 11, he is subject to sanctions. In deciding whether to award defendants attorney's fees in civil rights cases, a district court must "strike a careful balance between the desire to encour-

---

1. In its order dated June 16, 1987, the court directed the parties to two Seventh Circuit cases to help them differentiate the methods of obtaining sanctions. However, in their present motions, the parties intermingled the language from Rule 11 and § 706 of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(k)). Therefore, because the defendant requested sanctions pursuant to Rule 11 in its original motion for attorney's fees and expenses, the court will construe the request for sanctions under that rule.

age private litigants with valid claims to bring suit to indicate civil rights and the need to deter frivolous actions brought primarily to harass the defendant without hope of success." *Coates v. Betchel*, 811 F.2d 1045, 1049–50 (7th Cir.1987) (assessing fees under § 1988). The court is not insensitive to the possible chilling effect an imposition of sanctions might have in this case; quite to the contrary, the court holds that a "chilling" effect is most appropriate here.

"Mounting federal caseloads and growing public dissatisfaction with the costs and delays of litigation have made it imperative that the federal courts impose sanctions on persons and firms that abuse their right of access to these courts. The rules whether statutory or judge-made, designed to discourage groundless litigation are being and will continue to be enforced in this circuit to the hilt." *Dries & Krump Mfg. v. International Ass'n. of Machinists*, 802 F.2d 247, 255 (7th Cir.1986). Based on the foregoing, the court concludes that sanctions are warranted in this case.

### III.

In its motion for sanctions, Bethlehem submitted a detailed summary of attorney's fees totally $8,938.50 and actual expenses of $667.03. Sanctions under Rule 11 serve several purposes including punishment, deterence and compensation. A. Levin & S. Sobel, *Achieving Balance in the Developing Law of Sanctions*, 36 Cath. U.L. Rev. 587, 599 (1987). Generally, when assessing attorneys' fees under Rule 11, courts are concerned more with reasonableness and fairness in determining how large a sanction to impose, rather than with the actual fees incurred. *Id.* at 598–99 (citing *United Food & Commercial Workers Union Local No. 115 v. Armour & Co.*, 106 F.R.D. 345, 349 (N.D. Cal.1985) ("rule 11 only authorizes 'reasonable' fees, not necessarily actual fees")).

In the present case, George has challenged neither the amount nor the accuracy of Bethlehem's fees and expenses; likewise, the court has no reason to doubt the defendant's assessment of its costs. Nevertheless, the court finds that a sanction of over $9,000.00 would be excessive in this case.

Two factors lead the court to this conclusion. First, although it is true that the court has found that this action was frivolous and that George was under a duty to cease the pursuit his claim much sooner, there is a correlative duty on defendants of a frivolous lawsuit to use reasonable means to terminate litigation and to prevent the costs of a frivolous suit from becoming excessive. *United Foods*, 106 F.R.D. at 348.

The duty is one of mitigation ... [i]f a party eventually wins rule 11 sanctions, but has failed to use the least expensive route to early resolution, the court may rule that not all the expenses the successful party incurred in making formal motions were reasonable attorney's fees that should be awarded under rule 11.

*Id., see also Michigan National Bank v. Kroger, Co.*, 619 F.Supp. 1149, 1159 (D.C. Mich.1985). Here, Bethlehem did file a motion to dismiss before trial, however, its motion did not address the merits (or the obvious lack of merits) of George's claim; instead, Bethlehem's dismissal motion was based on the technical filing requirements with the Equal Employment Opportunity Commission ("EEOC").[2] Bethlehem never filed a summary judgment motion which would have alerted the court to the frivolous nature of George's case.

Second, although as previously stated, subjective state of mind is not a factor to be considered in determining whether a violation of Rule 11 has occurred, it has been held that the "egregiousness of the conduct involved" is a proper consideration "in determining an appropriate sanction."

---

**2.** The court denied Bethlehem's motion because, even though George's filing with the state agency was untimely, his federal claim was not bared because he filed with the EEOC within the 300-day deadline. *Martinez v. United Automobile Aerospace & Agricultural Implement Workers*, 772 F.2d 348 (7th Cir.1985).

*Continental Air Lines v. Group Systems Intern,* 109 F.R.D. 594, 600 (C.D. Cal.1986) (citing *Kendrick v. Zanides,* 609 F.Supp. 1162, 1173 (N.D. Cal.1985)). Here, Bethlehem has not argued and the court has not found that George proceeded in bad faith or with vexatious intent.

Therefore, based on these considerations, the court finds that the sum of $5,000.00 is an appropriate sanction under Rule 11.

## CONCLUSION

The court ORDERS that plaintiff Jerry D. George shall PAY defendant Bethlehem Steel Corporation $5,000.00 as a Fed.R. Civ.P. 11 sanction.