954

UNITED STATES of America, Plaintiff,

v.

Michael KARALIS and Joseph "Pops" Panczko, Defendants.

No. 86 CR 470.

United States District Court,
N.D. Illinois, E.D.

March 31, 1988.

John J. Scully, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Marc R. Kadish, Frank Oliver, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Defendants Michael Karalis and Joseph "Pops" Panczko ("defendants") have moved this court to vacate their guilty pleas and dismiss their indictments—purportedly returned by the December, 1983 Special Grand Jury ("1983 Grand Jury") on June 16, 1986—on the grounds that the indictments were nullities because the Grand Jury's term had expired on May 25, 1986, 20 days before the date of the indictments. On February 17, 1988, however, the Seventh Circuit held that the 1983 Grand Jury did not expire in May, 1986 and was still properly convened on the date of the indictments. *United States v. Taylor*, 841 F.2d 1300 (7th Cir.1988). Since this court is, of course, bound by the rulings of that Court, *Lingle v. Norge Division of Magic Chef, Inc.*, 823 F.2d 1031, 1044 n. 14 (7th Cir.1987), defendants' motions must be denied.

This court feels, however, that it is not inappropriate to register its discomfiture with the *Taylor* opinion. The statute governing special grand juries states, in pertinent part, that "[i]f, at the end of [its initial eighteen month] term or any extension thereof, the district court determines the business of the grand jury has not been completed, the court *may enter an order* extending such term for an additional period of six months." 18 U.S.C. § 3331(a) (emphasis added). The Court, rejecting "slavish literalism" in statutory interpretation, held that the statute does not require that the district court judge issue a written order to extend the grand jury; the determination that the grand jury "still has work to do" will suffice. *United States v. Taylor*, at 1306 ("The law thus requires only [the] judicial determination—not the ministerial act of memorializing it by formal order—to effect the valid extension of a special grand jury.").

The problem with this interpretation of the statute, this court respectfully submits, is that it reads out half of the prerequisites established by Congress for a proper extension of the grand jury's term. The statute does not state that, if the district judge determines that the grand jury has not completed its business, it *shall* enter an order extending the grand jury's term; rather, the statute says that, if the district court makes the initial determination, the court "*may* enter an order extending [its] term ..." 18 U.S.C. § 3331(a); *Korman v.*

*United States,* 486 F.2d 926, 933 (7th Cir. 1973) ("[I]f in the opinion of the District Court the [grand jury's] business has not been completed, that Court may order a six-month extension.").

This phrasing leads inexorably to the conclusion that, once the district judge determines that the grand jury has more work to do, he still has the option of *either* entering an order to extend the grand jury's term, *or not.* Cf. *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174 & n. 8 (D.C.Cir.1985) (amendment to Rule 11 of the Federal Rules of Civil Procedure, substituting "shall" for "may" with regard to the imposition of sanctions, removed the district court's discretion: under the old ˙version of the rule, a district court who found a Rule 11 violation had choice whether or not to impose sanctions; under the new version, the district court must impose sanctions once it determines that a party has violated the rule); *accord, Shrock v. Altru Nurses Registry,* 810 F.2d 658, 661 (7th Cir.1987). The court may decide that, although the grand jury has not completed its business, other factors make extending the grand jury's term a bad idea. *Cf. North Central Illinois Laborer's District Council v. S.J. Groves & Sons Company, Inc.,* 842 F.2d 164, 166–67 n. 5 (7th Cir. 1988) (because Rule 60(b)(1) of the Federal Rules of Civil Procedure states that the district court *"may"* set aside a judgment for "mistake, *inadvertence* ... or excusable neglect," the district court's "suggestion that [defendant's] inaction was possibly inadvertent is not legally inconsistent with its decision to deny the company's Rule 60(b)(1) motion"); *Feminist Women's Health Center v. Mohammad,* 586 F.2d 530, 545 (5th Cir.1978) (subsection of statute providing "that the [medical review] [b]oard 'may enter an order' penalizing physicians who are found to have violated the statute ... [gives] the Board ... broad discretion to decline to take such action against physicians").

The provision governing appeals of the district judge's decision supports this reading of the statute. 18 U.S.C. § 3331(b) states, in pertinent part:

If a district court ... fails to extend the term of the grand jury...., the grand jury, upon the affirmative vote of a majority of its members, may apply to the chief judge of the circuit for an order for the continuance of the term of the grand jury.

The Seventh Circuit in *Taylor* read this provision as indicating that a written order is not necessary for the district judge to extend the term of the grand jury. It reasoned that, if a written order were required, the statute would state that the grand jury could appeal if the district judge failed *to enter an order* extending the term. *United States v. Taylor,* at 1306–07. This may well be true.

It does not, however, contravene in any way the statute's grant of discretion to the district judge to refuse to extend the grand jury's term even if he determines it has not completed its business. On the contrary, by stating that the grand jury may appeal the district judge's *failure to extend* the grand jury, rather than stating that the grand jury may appeal the district judge's *failure to find that the grand jury has completed its business,* this provision confirms the conclusion that more than the latter finding is required for the district judge to properly extend the term of a special grand jury.

To summarize, then, this court does not quarrel with the Seventh Circuit's reasoning that, given the district judge's determination that the grand jury's business was not complete, the mere fact that he inadvertently omitted to memorialize this determination should not have substantive effect. Thus, if the statute provided that, once a judge determines that a special grand jury still has work to do, he *must* enter an order extending its term, this court would wholly agree with the *Taylor* ruling.

But that is not what the statute says. The statute provides that, once the initial determination is made, the district judge must then decide whether or not to enter an order of extension. It thus appears to this court that, at the very least, the Seventh Circuit should have inquired into

whether the district judge, in addition to finding that the grand jury had not completed its work, had also determined that the grand jury's term should be extended.[1] By omitting such an inquiry, this court respectfully submits, the Seventh Circuit has substantively altered the Congressionally established requirements for extending the terms of special grand juries. For now, however, it is interpretation of § 3331 to which this court is bound.

## CONCLUSION

Accordingly, defendants' motions, pursuant to 28 U.S.C. § 2255, to vacate their guilty pleas and to dismiss their indictments are denied.

---

1. Significantly, the district judge did state, in his *nunc pro tunc* order of February 21, 1987, that he had "determined prior to May 25, 1986, that the grand jury had additional matters to transact, had not yet completed its business, *and should therefore be extended another six months." United States v. Taylor,* at 1304 n. 10

& 1309 (emphasis added). The Seventh Circuit did not, however, find the last determination of import; instead, it held that the district judge's determination that the grand jury had not completed its work sufficed to validate the extension, and with it the indictments.