**James EDGIN, Plaintiff,**

v.

**Kenneth PAVLINA, et al., Defendants.**

**No. S89–239.**

United States District Court,
N.D. Indiana,
South Bend Division.

April 13, 1990.

James Edgin, pro se.

Diana Cross–Gonzalez, Hammond, for Kenneth Pavlina, James Bobowski, City of Hammond, Ind.

Daniel Toomey, Merrillville, Ind., pro se.

Robert P. Kennedy, Merrillville, Ind., for Daniel Toomey, Stanley Jablonski, Diane M. McNeal.

Gregory E. Rogus, Chicago, Ill., for City of Calumet City, Ill., Calumet City Chief of Police.

## MEMORANDUM AND ORDER

MILLER, District Judge.

*Pro se* plaintiff James Edgin filed his original complaint in this cause on May 30, 1989 and filed an amended complaint on June 16, 1989. Mr. Edgin alleges a variety of constitutional violations occurring in connection with his arrest in Calumet City, Illinois, his transfer to Lake County, Indiana, and his criminal prosecution in Indiana. He brings his complaint pursuant to 42 U.S.C. § 1983. The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

Among the defendants named in Mr. Edgin's complaint [1] are the City of Calumet City, Illinois and its police chief, Stephen Rhoads (the Illinois defendants); those defendants have moved to dismiss the claims against them for want of personal jurisdiction, improper venue, and statute of limitations.[2]

---

1. Mr. Edgin's claims against his state judge and prosecutors were dismissed earlier.

2. The statute of limitations argument may be well taken, in that any constitutional violation by the Illinois defendants would have been complete upon Mr. Edgin's delivery to Indiana authorities. The statute of limitations for that claim, whether drawn from Indiana law or Illinois law, would be two years. *Dugan v. Ball State University*, 815 F.2d 1132, 1135 (7th Cir. 1987); *Loy v. Clamme*, 804 F.2d 405, 408 (7th Cir.1986). The complaint, however, is silent as to the dates of any action by the Illinois defendants (or any other defendant, for that matter), so the court cannot conclude, based on the complaint, that the statute of limitations would bar Mr. Edgin's claim against the Illinois defen-

A recitation of the history of this case since the filing of the Illinois defendants' dismissal motion on October 10, 1989 is necessary. Mr. Edgin was afforded to November 13 within which to respond. Before that time elapsed, Mr. Edgin moved, for the second time, for appointment of counsel and requested additional time within which to respond to the dismissal motion. On November 16, the court denied the motion for counsel and afforded Mr. Edgin until December 29 within which to respond. On November 29, Mr. Edgin submitted interrogatories to Chief Rhoads; none of those interrogatories appear to seek information pertinent to the arguments upon which the dismissal motion is based. On December 29, Mr. Edgin moved for additional time to respond to the dismissal motion, and the court granted that motion, affording Mr. Edgin to March 30, 1990 within which to respond and informing Mr. Edgin that no further extensions would be granted.

On January 19, Mr. Edgin again moved for counsel. On March 28, he moved for an order compelling Chief Rhoads to answer the interrogatories served on November 29. On April 2, Chief Rhoads responded with his objection to the interrogatories, asserting that to require him to answer the interrogatories prior to resolution of the dismissal motion would be unduly burdensome. On April 3, Mr. Edgin filed a document entitled,

> Motion for Declaratory Judgment Requiring Gregory E. Rogus *Pro–Hac–Vice* *"Attorney"* For His *"Clients"* In This Case To Either Retain *Local Counsel* as *Attorney of Record,* Or In The Alternative, Be Removed By The Court, And Local Counsel Be Appointed By The Court To Serve In That Capacity, Or Retained By Atty. Rogus's Clients, And To Declare All Motions Filed By Atty. Rogus *Null and Void* Until The Foregoing Criteria, As *Required* Locally And By The F.R.C.P. Is Met

Mr. Edgin also responded to Chief Rhoads' objection to the motion to compel, challenging the objection on the grounds that it was prepared and filed by an attorney not licensed to practice law in Indiana and challenging the propriety of a non-attorney having signed the certificate of service. The Illinois defendants responded to those filings on April 10.

The renewed motion for counsel need not delay the case's resolution. The court denied Mr. Edgin's first motion for counsel on August 29 and, as noted above, denied his second motion on November 16. This motion is identical to the first two and may be denied for the same reasons as the first two.

Mr. Edgin's April 3 motions concerning the Illinois defendants' representation in this court are frivolous, and it difficult to presume that Mr. Edgin did not realize them to be frivolous. On September 8, 1989, Mr. Edgin moved to exclude Mr. Rogus as counsel for the Illinois defendants and to strike all of Mr. Rogus' filings, because Mr. Rogus was not an Indiana attorney and had no local counsel.[3] Having earlier granted Mr. Rogus permission to proceed as counsel in this cause, the court denied that motion on September 18. Mr. Edgin's April 3 motions do nothing but renew those arguments, with no further basis. The April 3 motions are without merit and are deserving of sanctions.

■ Rule 11 of the Federal Rules of Civil Procedure provides that when a party or attorney signs a paper filed with the court, he or she certifies that (1) to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it (a) is well grounded in fact and (b) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that (2) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *See generally Kapco Mfg. Co. v. C & O Enterprises, Inc.,* 886 F.2d 1485,

---

dants. Accordingly, the court does not address that argument further.

**3.** Mr. Edgin also asked the court to preclude the Indiana Attorney General from representing other defendants in this case, without success.

1491 (7th Cir.1989). A violation of any of these certifications mandates the imposition of sanctions. *Shrock v. Altru Nurses Registry,* 810 F.2d 658 (7th Cir.1987). The analysis is an objective one, *Golden Eagle Distributing Corp. v. Burroughs,* 801 F.2d 1531 (9th Cir.1986); *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 245 (2nd Cir.1985), *modified,* 821 F.2d 121 (2nd Cir.), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987); *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 205 (7th Cir.1985), even when determining whether a paper was filed to harass. *Kapco Mfg. Co. v. C & O Enterprises,* 886 F.2d at 1491; *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft,* 855 F.2d 385, 393 (7th Cir.1988).

█ Rule 11 applies to *pro se* litigants such as Mr. Edgin as well as to attorneys, *Miller v. United States,* 868 F.2d 236 (7th Cir.1989); *Cheek v. Doe,* 828 F.2d 395 (7th Cir.), *cert. denied,* 484 U.S. 955, 108 S.Ct. 349, 98 L.Ed.2d 374 (1987); *Shrock v. Altru Nurses Registry,* 810 F.2d 658; *Hilgeford v. Peoples Bank,* 776 F.2d 176 (7th Cir.1985), *cert. denied,* 475 U.S. 1123, 106 S.Ct. 1644, 90 L.Ed.2d 188 (1986), although courts recognize that *pro se* litigants have lesser knowledge of the law and so afford such litigants somewhat broader latitude as to the reasonableness of their legal theories. *Bacon v. American Federation of State, County and Municipal Employees,* 795 F.2d 33, 35 (7th Cir.1986); *see also Brown v. Federation of State Medical Boards,* 830 F.2d 1429, 1435 (7th Cir.1987).

█ Even with this recognition, when Mr. Edgin's April 3 filings are viewed objectively in the context of the balance of this litigation, the conclusion is inescapable that the papers were filed for improper purposes, specifically to harass and to cause needless increase in the cost of litigation. Mr. Edgin's earlier effort to have Mr. Rogus removed as counsel, or to compel the Illinois defendants to hire still another attorney, met with no greater success than did his earlier effort to have the attorney for defendants Crawford, Maroc, and Freeman removed from the case. The April 3 papers cite no further authority, other than

a vague reference to the Federal Rules of Civil Procedure and the district rules. The Federal Rules contain no relevant provision. District Rule 1(c), which the court cited in denying Mr. Edgin's earlier motion, provides:

> No person shall be permitted to practice generally in this court or before any officer thereof as an attorney, except in his own behalf when a party, unless he has been admitted to practice by this court, *provided, however, that an attorney admitted to practice in any other United States court or the highest court of any state may, on application to this court, be granted leave to appear in a specific action.*

(emphasis added). The court granted Mr. Rogus such permission on September 5, 1989.

District Rule 1(d) authorizes the court, on its own motion or upon motion of any party, to require a party to obtain local counsel. Had Mr. Rogus engaged in some improper or dubious conduct after being granted permission to appear, such a motion may have been warranted. Because Mr. Edgin's April 3 papers alleged no such misconduct, and did nothing more than to rehash his earlier unsuccessful arguments, the court concludes that they were filed to harass and increase expense.

Having concluded that Mr. Edgin's April 3 filings violated Rule 11, the court directs that counsel for Calumet City and Chief Rhoads submit, within twenty days, a statement of fees and costs incurred by reason of the April 3 filings. The court will then determine the proper sanction to be imposed for the violation.

█ Mr. Edgin's complaint is insufficient to establish personal jurisdiction over the Illinois defendants. Even when a plaintiff brings a claim based on federal law rather than state law, the plaintiff must show that the forum state's jurisdiction statute confers personal jurisdiction over the defendants and that the exercise of personal jurisdiction accords with federal constitutional principles of due process. *FDIC v. British–American Ins. Co., Ltd.,* 828 F.2d 1439, 1441 (9th Cir.1987). Mr.

Edgin has failed to show that Indiana's jurisdictional statute, Ind. Tr. R. 4.4, confers personal jurisdiction. The complaint alleges that Kenneth Pavlina, an Indiana police officer, returned Mr. Edgin to Indiana; accordingly, the complaint supports no inference that the Illinois defendants performed any acts in Indiana. The complaint alleges that the Illinois defendants conspired with the Indiana police officers to arrange Mr. Edgin's return, but no facts are alleged. Because conclusory allegations are not sufficient to state a claim upon which relief can be granted, *Tarkowski v. Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir.1980), such allegations cannot be deemed sufficient to satisfy the plaintiff's burden to show jurisdiction over the defendants' persons.

Because the claims against Calumet City and Chief Rhoads must be dismissed, the motion to compel Chief Rhoads' answers to interrogatories is denied as moot.

Finally, the cause remains at issue with respect to defendants Pavlina, Toomey, Jablonski, McNeal, Bobowski, and City of Hammond. Fed.R.Civ.P. 16(b) requires the court to enter a scheduling order fixing deadlines for amendments to the pleadings, the commencement and completion of discovery, and the filing of dispositive motions. To assist the court with compliance with that Rule, the court orders that within twenty days of the date of this order, Mr. Edgin and counsel for the defendants shall file brief status reports, not to exceed three pages unless greater length is unavoidable, addressing: (1) the discovery each party intends to undertake, the anticipated time necessary for completion of discovery, and any limitations on discovery that any believes may be necessary; (2) the time within which amendments to the pleadings shall be allowed; and (3) whether any motions are anticipated by any party and what deadline should be set for the filing of dispositive motions.

Based on the foregoing, the court now ORDERS as follows:

(1) the plaintiff's third motion for appointment of counsel is DENIED;

(2) the plaintiff's motion and objection filed on April 3, 1990, are DENIED and further are found to have violated Rule 11 of the Federal Rules of Civil Procedure;

(3) counsel for defendants City of Calumet City and Stephen Rhoads is directed to file, within twenty (20) days, a statement of fees and costs incurred by reason of the plaintiff's April 3 filings, following which the court will determine the appropriate sanction for the Rule 11 violation;

(4) the motion to dismiss the plaintiff's complaint with respect to defendants City of Calumet City and Stephen Rhoads is GRANTED; and

(5) the remaining parties are ordered to file, within twenty (20) days, brief status reports as described above.

SO ORDERED.