United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2005

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 04-20557
Summary Calendar

_____

PETER BERNARD JOHNSON,
ON BEHALF OF HIMSELF AND ALL PERSONS SIMILARLY SITUATED,

Plaintiff-Appellant,

VERSUS

ARAMCO SERVICES COMPANY; SAUDI ARABIAN OIL COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
m 4:04-CV-642

_____

Before DAVIS, SMITH, and
    DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Peter Johnson appeals the dismissal, for want of subject matter jurisdiction, of his age discrimination suit. Because Johnson alleges sufficient facts, uncontroverted *in the record*, to sustain jurisdiction, we reverse and remand.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

On August 23, 2001, Johnson, who was then fifty-seven years old, attended a job fair in Houston hosted by Aramco Services Company ("ASC"). While there he applied through ASC for a job as a Seismic Field Crew Supervisor working in Saudi Arabia with Saudi Arabian Oil Company ("SAO").

SAO is a Saudi Arabian entity with its principal office in Dhahran, Saudi Arabia, and ASC, SAO's wholly-owned subsidiary, is incorporated in Delaware. ASC states that it provides SAO with a range of services, including assistance with recruiting.

Importantly, ASC apparently recruitsSSalbeit infrequentlySSfor entities other than SAO. Support for this is found in the record in the form of ASC's letter to the Equal Employment Opportunity Commission ("EEOC") in which it states, "ASC, among others, recruits employees for positions with the Saudi Arabian Oil Company ('Saudi Aramco') and infrequently recruits for other entities." Johnson's unrefuted affidavit asserts that an ASC employee, Charles Ellmaker, informed him that ASC acts as a recruiter for additional entities including its own subsidiaries.

According to Johnson, he was later informed by Ellmaker that he would not be selected for the job, allegedly because of his advanced age. He filed a complaint with the EEOC, was granted a right to sue letter, and sued ASC and SAO alleging, *inter alia*, violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* ASC moved for dismissal based on a lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), or alternatively for summary judgment. The gravamen of its argument was that "the court cannot apply extra-territorially the ADEA . . . to a foreign corporation who employs U.S. citizens to work abroad."[2] Without hearing, the district court summarily granted the motion to dismiss "with prejudice, for lack of jurisdiction."[3]

## II.

Because it is a pure question of law, we review *de novo* a dismissal for want of subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

> Lack of subject matter jurisdiction may be found [on] any one of [the following bases]: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. . . . In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.

*Id.*

---

[2] That this logic indisputably applies with respect to SAO, Johnson does not disagree, and he consented to the dismissal of his claims against SAO.

[3] In addition to attacking the jurisdictional ruling, Johnson avers that the dismissal with prejudice was inappropriate because a court without jurisdiction cannot make a ruling on the merits. Because the district court erred in its jurisdictional analysis, we do not reach this contention.

2

### III.

The ADEA provides, in part, that "[i]t shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age." 29 U.S.C. § 623(b). Bridling this proposition is the notion that no federal statute applies extra-territorially unless Congress has expressly indicated its intent for such an application. *See*, *e.g.*, *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991). This canon of statutory construction "serves to protect against unintended clashes between our laws and those of other nations which could result in international discord." *Id.* Because the ADEA does not evince any such intent, age discrimination claims are not cognizable with respect to foreign corporations who employ American citizens to work aborad.[4]

Based on the presumption against extra-territorial application, even Johnson concedes that SAO is not a covered employer under the ADEA. Nevertheless, because ASC is a U.S. corporation, the same principle does not necessarily immunize it from suit.

Johnson asserts that ASC, functioning as an employment agency, may be liable for its own discriminatory practices under 29 U.S.C. § 623(b). Johnson's complaint avers that ASC, through its screening and referral process that classified Johnson according to his age, violated the ADEASSindependently of SAO's discriminatory practices.

ASC correctly notes, however, that SAO is not a covered employer under the ADEA. Consequently, goes the argument, recruiting organizations such as ASC cannot be considered an employment agency for purposes of the act if the foreign corporation for whom the recruiter works is not a covered employer under the ADEA.[5]

Johnson responds with a twist that significantly distinguishes the cases on which ASC relies. Under 29 C.F.R. § 1625.3, an employment agency that "*regularly* procures employees for at least one covered employer [] qualifies under section 11(c) of the [ADEA] as an employment agency with respect to all of its activities whether or not such activities are for employers covered by the act." (Emphasis added.) Consequently, if ASC "regularly" recruits for any covered employer or employers, the fact that SAO is not a covered employer will not immunize it from its conduct with respect to Johnson.

The definition of "regularly procures" is not necessarily self-evident, and although Johnson made this argument in the district court, that court did not demonstrably consider it. ASC contends that any infrequent work it does for other employers cannot reach the level of regularity. In contrast, Johnson in his brief posits that "[i]nfrequent recruitment may include regular recruitment, such as regularly

---

[4] *See Denty v. SmithKline Beecham Corp.*, 109 F.3d 147, 150 (3d Cir. 1991) (The ADEA "does not apply to foreign nationals working for [U.S.] corporations in a foreign workplace and it does not apply to foreign companies which are not controlled by U.S. firms.").

[5] *See Brownlee v. Lear Siegler Mgmt. Servs. Corp.*, 15 F.3d 976, 978 n.3 (10th Cir. 1994); *Shrock v. Altru Nurses Registry*, 810 F.2d 658, 660-61 (7th Cir. 1987); *Goswami v. Aramco Servs. Co.*, No. H-00-0929, slip op. at 12-14 (S.D. Tex. Mar. 22, 2001).

3

meeting the needs of a seasonal industry, albeit once a year."

The record is notably underdeveloped on the question whether ASC "regularly procures" employees for covered employers, thereby subjecting it to liability under the ADEA. The only relevant evidence in the record is ASC's submission to the EEOC indicating that it "infrequently recruits for other entities," and the hearsay assertion in Johnson's affidavit that ASC recruits for companies in addition to SAO.

It is uncertain whether any of these other entities is covered entities and whether ASC's activities are performed with the requisite regularity. Nevertheless, in the absence of *any* evidence in the record to the contrary, it cannot be said that the district court correctly concluded to a certainty that Johnson cannot prove any set of facts in support of his claim that would entitle him to relief. *See Ramming,* 281 F.3d at 161.

After further discovery, ASC may be able to show entitlement to summary judgment by conclusively refuting the notion that its recruiting activities for other entities cause it to be subject to suit under the ADEA. Given the current record, however, Johnson has adequately pleaded facts sufficient to maintain jurisdiction. The judgment of dismissal is therefore REVERSED, and this matter is RE-MANDED.[6]

---

[6] ASC devotes considerable ink to the contention that Johnson, proceeding *pro se*, has waived his arguments by failing to brief them adequately. Specifically, ASC is apparently dismayed by Johnson's alleged paucity of citations to the record in support of factual propositions per FED. R. APP. P. (continued...)

[6](...continued) 28(a)(7), 28(a)(9)(A), and 5TH CIR. R. 28.2.3. To the contrary, we find Johnson's submissions adequate to raise his issues on appeal.