United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 04-20557
Summary Calendar

_____

PETER BERNARD JOHNSON,
ON BEHALF OF HIMSELF AND ALL PERSONS SIMILARLY SITUATED,

Plaintiff-Appellant,

VERSUS

ARAMCO SERVICES COMPANY; SAUDI ARABIAN OIL COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
m 4:04-CV-642

_____

ON PETITION FOR REHEARING

Before DAVIS, SMITH, and DENNIS,
    Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

The petition for rehearing is GRANTED. The opinion, 120 Fed. Appx. 547 (5th Cir. 2005), is WITHDRAWN, and the following opinion is substituted:

* * *

Peter Johnson appeals the dismissal, for want of subject matter jurisdiction, of his age discrimination suit. Because Johnson cannot allege facts sufficient to sustain a cause of action against this defendant, we affirm.

I.

Johnson, while fifty-seven years old, attended a job fair in Houston hosted by Aramco Services Company ("ASC") and applied through ASC for a job as a Seismic Field Crew Supervisor working in Saudi Arabia with Saudi Arabian Oil Company ("SAO"). SAO is a Saudi Arabian entity with its principal office in Dhahran, Saudi Arabia, and ASC, SAO's wholly-owned subsidiary, is incorporated in Delaware. ASC states that it provides SAO with a range of services, including assistance with recruiting.

ASC apparently recruitsSSalbeit infrequent-lySSfor entities other than SAO. Support for this is found in the record in the form of ASC's letter to the Equal Employment Oppor-

tunity Commission ("EEOC") in which it states, "ASC, among others, recruits employees for positions with the Saudi Arabian Oil Company ('Saudi Aramco') and infrequently recruits for other entities." Johnson's unrefuted affidavit asserts that an ASC employee informed him that ASC acts as a recruiter for additional entities including its own subsidiaries.

According to Johnson, he was later informed that he would not be selected for the job, allegedly because of his advanced age. He filed a complaint with the EEOC, was granted a right to sue letter, and sued ASC and SAO alleging, *inter alia*, violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* ASC moved for dismissal based on a lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12-(b)(1), or alternatively for summary judgment, arguing "the court cannot apply extra-territorially the ADEA . . . to a foreign corporation who employs U.S. citizens to work abroad."[1] The district court summarily granted the motion to dismiss "with prejudice, for lack of jurisdiction."

II.

We review *de novo* a dismissal for want of subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Lack of subject matter jurisdiction may be found [on] any one of [the following bases]: (1) the complaint alone; (2) the complaint supplemented by undisputed facts

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] That this logic indisputably applies with respect to SAO, Johnson does not disagree, and he consented to the dismissal of his claims against SAO.

evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. . . . In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.

*Id.*

### III.

The ADEA provides, in part, that "[i]t shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age." 29 U.S.C. § 623(b). Bridling this proposition is the notion that no federal statute applies extra-territorially unless Congress has expressly indicated its intent for such an application. *See*, *e.g.*, *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991). This canon of statutory construction "serves to protect against unintended clashes between our laws and those of other nations which could result in international discord." *Id.* The ADEA does not evince any such intent; to the contrary, the plain language of § 623(h)(2) generally prohibits such applications. Age discrimination claims, consequently, are not cognizable with respect to foreign corporations who employ American citizens to work aborad.[2]

---

Based on the presumption against extra-territorial application, even Johnson concedes that SAO is not a covered employer under the ADEA. Nevertheless, because ASC is a U.S. corporation, the same principle does not necessarily immunize it from suit.

Johnson asserts that ASC, functioning as an employment agency, may be liable for its own discriminatory practices under 29 U.S.C. § 623(b). Johnson's complaint avers that ASC, through its screening and referral process that classified him according to his age, violated the ADEASSindependently of SAO's discriminatory practices.

ASC correctly notes, however, that SAO is not a covered employer under the ADEA. Consequently, goes the argument, recruiting organizations such as ASC cannot be considered an employment agency for purposes of the act if the foreign corporation for whom the recruiter works is not a covered employer under the ADEA.[3]

Johnson responds by citing 29 C.F.R. § 1625.3, which states that an employment agency that "*regularly* procures employees for at least one covered employer [] qualifies under section 11(c) of the [ADEA] as an employment agency with respect to all of its

---

[2] *See Denty v. SmithKline Beecham Corp.*, 109 F.3d 147, 150 (3d Cir. 1991) (The ADEA "does (continued...)

[2](...continued)
not apply to foreign nationals working for [U.S.] corporations in a foreign workplace and it does not apply to foreign companies which are not controlled by U.S. firms.").

[3] *See Brownlee v. Lear Siegler Mgmt. Servs. Corp.*, 15 F.3d 976, 978 n.3 (10th Cir. 1994); *Shrock v. Altru Nurses Registry*, 810 F.2d 658, 660-61 (7th Cir. 1987); *Goswami v. Aramco Servs. Co.*, No. H-00-0929, slip op. at 12-14 (S.D. Tex. Mar. 22, 2001).

activities whether or not such activities are for employers covered by the act." (Emphasis added.) Consequently, if ASC "regularly" recruits for any covered employer or employers, the fact that SAO is not a covered employer will not immunize it from its conduct with respect to Johnson.

If we were to apply the regulation, we would need to determine precisely what is meant by the phrase "regularly procure." We need not do so in this case, however, because when read in light of Congress's unequivocal admonition against extra-territorial application of the ADEA,[4] the regulation cannot impose liability on ASC. Where "Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." *Chevron USA, Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984). Where no such gap exists, however, or where the questioned agency regulation is "manifestly contrary to the statute," the agency regulation will not trump the plain language of the statute. *Id.*

In this case, 29 C.F.R. § 1625.3, upon which Johnson relies, is in obvious tension with the ADEA's own general prohibition against its extra-territorial application. *See* 29 U.S.C. § 623(h)(2). As we noted above, absent an express indication of Congressional intent to apply a statute extra-territorially, such an intent will not be inferred. *See Arabian Am. Oil Co.*, 499 U.S. at 248. In the case of the ADEA, this presumption is made conclusive by § 623(h)(2)'s express prohibition of the application of the ADEA "where the employer is a foreign person not controlled by an American employer."

The regulation on which Johnson relies attempts to impose liability in the very sort of manner that § 623(h)(2) prohibits. If we were to accept Johnson's position, the general anti-age discrimination prohibitions of § 623 would apply even though the employer is admittedly foreign and not controlled by an American employer. Because such a conclusion would be contrary to the plain text of § 623(h)(2), § 623(b)'s limitations on the activities of employment agencies cannot apply to ASC.

The EEOC interpretation in question was first adopted in 1972 by the Department of Labor and was subsequently adopted by the EEOC, after notice and comment, as its own in 1981.[5] Section 623(h)(2), limiting the extra-territorial application of the ADEA, on the other hand, was not enacted until 1984. Neither the Department of Labor nor the EEOC, therefore, had the opportunity to consider Congress's admonition against extraterritorial application of the EEOC when adopting the questioned regulation. In this case, the plain language of the statute must be applied irrespective of the regulation.

In light of the foregoing, Johnson has failed to allege facts sufficient to sustain an ADEA cause of action against ASC. The judgment of dismissal is therefore AFFIRMED.

---

[4] *See* 29 U.S.C. § 623(h)(2).

[5] *See* 37 Fed. Reg. 13345 (1972), *codified at* 29 C.F.R. § 860.36(c) (1973); 46 Fed. Reg. 47726 (1981).

4