United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

———————————

m 04-20557
Summary Calendar

———————————

PETER BERNARD JOHNSON,
ON BEHALF OF HIMSELF AND ALL PERSONS SIMILARLY SITUATED,

Plaintiff-Appellant,

VERSUS

ARAMCO SERVICES COMPANY; SAUDI ARABIAN OIL COMPANY,

Defendants-Appellees.

—————————————————

Appeal from the United States District Court
for the Southern District of Texas
m 4:04-CV-642

—————————————————

Before DAVIS, SMITH, and DENNIS,
    Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

The second opinion, 134 Fed. Appx. 547 (5th Cir. May 31, 2005), which replaced the first opinion, 120 Fed. Appx. 547 (5th Cir. Jan. 31, 2005), is WITHDRAWN, and the following opinion is substituted:

* * *

Peter Johnson appeals the dismissal, for want of subject matter jurisdiction, of his age discrimination suit. Because Johnson cannot allege facts sufficient to sustain a cause of action against this defendant, we affirm.

I.

Johnson, while fifty-seven years old, attended a job fair in Houston hosted by Aramco Services Company ("ASC") and applied through ASC for a job as a Seismic Field Crew Supervisor working in Saudi Arabia with Saudi Arabian Oil Company ("SAO"). SAO is a Saudi Arabian entity with its principal office in Dhahran, Saudi Arabia, and ASC, SAO's wholly-owned subsidiary, is incorporated in Delaware. ASC states that it provides SAO with a range of services, including assistance with recruiting.

ASC apparently recruitsSSalbeit infrequentlySSfor entities other than SAO. Support for this is found in the record in the form of ASC's letter to the Equal Employment Opportunity Commission ("EEOC") in which it states, "ASC, among others, recruits employees for positions with the Saudi Arabian Oil Company ('Saudi Aramco') and infrequently recruits for other entities." Johnson's unrefuted affidavit asserts that an ASC employee informed him that ASC acts as a recruiter for additional entities including its own subsidiaries.

According to Johnson, he was later informed that he would not be selected for the job, allegedly because of his advanced age. He filed a complaint with the EEOC, was granted a right to sue letter, and sued ASC and SAO alleging, *inter alia*, violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* ASC moved for dismissal based on a lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12-(b)(1), or alternatively for summary judgment, arguing "the court cannot apply extra-territorially the ADEA . . . to a foreign corporation who employs U.S. citizens to work abroad."[1] The district court summarily granted the motion to dismiss "with prejudice, for lack of jurisdiction."

II.

We review *de novo* a dismissal for want of subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Lack of subject matter jurisdiction may be found [on] any one of [the following bas-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] That this logic indisputably applies with respect to SAO, Johnson does not disagree, and he consented to the dismissal of his claims against SAO.

es]: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts . . . . In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.

*Id.*

### III.

The ADEA provides, in part, that "[i]t shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age." 29 U.S.C. § 623(b). Bridling this proposition is the notion that no federal statute applies extra-territorially unless Congress has expressly indicated its intent for such an application. *See*, *e.g.*, *EEOC v. Arabian Am. Oil Co.*, 499 U.S. 244, 248 (1991). This canon of statutory construction "serves to protect against unintended clashes between our laws and those of other nations which could result in international discord." *Id.* The ADEA does not evince any such intent; to the contrary, the plain language of § 623(h)(2) generally prohibits such applications. Age discrimination claims, consequently, are not cognizable with respect to foreign corporations who employ American citi-

zens to work aborad.[2]

Based on the presumption against extra-territorial application, even Johnson concedes that SAO is not a covered employer under the ADEA. Nevertheless, because ASC is a U.S. corporation, the same principle does not necessarily immunize it from suit.

Johnson asserts that ASC, functioning as an employment agency, may be liable for its own discriminatory practices under 29 U.S.C. § 623(b). Johnson's complaint avers that ASC, through its screening and referral process that classified him according to his age, violated the ADEASSindependently of SAO's discriminatory practices.

ASC correctly notes, however, that SAO is not a covered employer under the ADEA. Consequently, goes the argument, recruiting organizations such as ASC cannot be considered an employment agency for purposes of the act if the foreign corporation for whom the recruiter works is not a covered employer under the ADEA.[3]

Johnson responds by citing 29 C.F.R. § 1625.3, which states that an employment agency that "*regularly* procures employees for

---

[2] *See Denty v. SmithKline Beecham Corp.*, 109 F.3d 147, 150 (3d Cir. 1991) (The ADEA "does not apply to foreign nationals working for [U.S.] corporations in a foreign workplace and it does not apply to foreign companies which are not controlled by U.S. firms.").

[3] *See Brownlee v. Lear Siegler Mgmt. Servs. Corp.*, 15 F.3d 976, 978 n.3 (10th Cir. 1994); *Shrock v. Altru Nurses Registry*, 810 F.2d 658, 660-61 (7th Cir. 1987); *Goswami v. Aramco Servs. Co.*, No. H-00-0929, slip op. at 12-14 (S.D. Tex. Mar. 22, 2001).

3

at least one covered employer [] qualifies under section 11(c) of the [ADEA] as an employment agency with respect to all of its activities whether or not such activities are for employers covered by the act." (Emphasis added.) Consequently, to the extent the regulation applies, if ASC "regularly" recruits for any covered employer or employers, the fact that SAO is not a covered employer will not immunize it from its conduct with respect to Johnson.

We need not decide, however, whether ASC qualifies as an employment agency under the statute or the regulation. Assuming, for our purposes, that ASC is an employment agency, subsection (h)(2) absolves it of any liability under this section.[4] It is uncontested that SAO, the employer, is a foreign person not controlled by an American employer and that ASC was procuring employees for SAO to work in a foreign workplace.[5]

If we were to apply the regulation, we would need to determine precisely what is meant by the phrase "regularly procure." We need not do so in this case, however, because

when read in light of Congress's unequivocal admonition against extra-territorial application of the ADEA contained in subsection (h)(2), the regulation cannot impose liability on ASC where the plain words of the statute exempt it.

In light of the foregoing, Johnson has failed to allege facts sufficient to sustain an ADEA cause of action against ASC. The judgment of dismissal is therefore AFFIRMED.

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. No member of the panel or judge in regular active service having requested that the court be polled on rehearing en banc (FED. R. APP. P. 35 and 5TH CIR. R. 35), the petition for rehearing en banc is DENIED. No further petitions for panel rehearing or rehearing en banc will be entertained. The mandate shall issue forthwith.

---

[4] Subsection (h)(2) provides that "the prohibitions of this section shall not apply where the employer is a foreign person not controlled by an American employer."

[5] *See Morelli v. Cedel*, 141 F.3d 39, 41-42 (2d Cir. 1998) ("At a minimum, this provision means that the ADEA does not apply to the foreign operations of foreign employersSSunless there is an American employer behind the scenes."); *Denty v. SmithKline Beecham Corp.*, 109 F.3d 147, 150-50 (3d Cir. 1997) ("The language of section 623(h)(2) could not be more clearSSthe ADEA does not apply when a foreign corporation controls an American corporation and the employment is with the foreign parent abroad.").

4