674 F.2d 595
 28 Fair Empl.Prac.Cas. 40, 28 Empl. Prac.
Dec. P 32,440,
10 Fed. R. Evid. Serv. 1047
John BUGG, Jr., Plaintiff-Appellant,
v.
INT'L UNION OF ALLIED INDUSTRIAL WORKERS OF AMERICA, LOCAL
507 AFL-CIO and Kunkle Valve Company, Defendants-Appellees.
 No. 80-1909.
 United States Court of Appeals,
Seventh Circuit.
 Submitted on Record and Briefs Feb. 3, 1982.*
Decided Feb. 18, 1982.
 
 John Bugg, Jr., Fort Wayne, Ind., pro se.
 Richard G. McCracken, Indianapolis, Ind., Richard E. Fox, Fort Wayne, Ind., for defendants-appellees.
 Before PELL, BAUER and POSNER, Circuit Judges.
 PELL, Circuit Judge.
 
 
 1
 This is an appeal from the district court's dismissal of the plaintiff's employment discrimination suit.
 
 
 2
 The plaintiff, John Bugg, Jr., filed this suit, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against the defendants, International Union of Allied Industrial Workers of America, Local 507, AFL-CIO (the Union) and Kunkle Valve Company, Inc. (the Company), on January 13, 1978. He alleged that the Company discriminated against him because of his race on four occasions: (1) on March 3, 1975, by transferring the plaintiff from his job on a New Britain machine to deburring; (2) on May 19, 1975, by transferring the plaintiff from his job on a Goss machine to deburring; (3) on September 15, 1975, by transferring the plaintiff from deburring to janitor/chip puller; and (4) by penalizing the plaintiff with a three-day suspension for taking a ten minute break. He also charged the Union with racially motivated breach of its duty of fair representation regarding the four incidents.
 
 
 3
 On May 19, 1979, the district court entered an order that dismissed the plaintiff's fourth claim against the Union because of his failure to file a proper EEOC charge. All other claims were scheduled to go to trial.
 
 
 4
 On December 19, 1979, the district court appointed counsel for the plaintiff. However, after counsel made a preliminary evaluation of the case, he moved for leave to withdraw on the ground that the plaintiff's claims were meritless. The court granted that motion.
 
 
 5
 Finally, on April 14, 1980, the trial was held. Thereafter, the court entered an order that (1) dismissed the plaintiff's first claim against both parties on the ground that it was time barred, and (2) dismissed the plaintiff's remaining claims under Fed.R.Civ.P. 41(b).[1] The court also awarded attorney's fees to the defendants. This appeal followed.
 
 
 6
 After filing his notice of appeal, the plaintiff made five separate motions in this court for modification of the record.[2] Each of those motions required the defendants to respond. Although his first motion was initially granted, that order was later vacated.[3] His subsequent motions were all denied. We also denied the plaintiff's motion for appointment of counsel.
 
 
 7
 * In this appeal, the plaintiff challenges the district court's dismissal of his substantive claims in several respects: (1) he argues that his first charge against both parties was in fact timely; (2) he questions the propriety of the court's Rule 41(b) dismissal on the grounds that there is evidence in the record inconsistent with that result, and that the defendants failed to present sufficient evidence to defeat his claims; (3) he raises an objection to the admission of an exhibit accepted by the district court; and (4) he states that he had difficulty discovering certain documents from the Union.[4] We reject each of these claims.
 
 Time Bar
 
 8
 Under 42 U.S.C. § 2000e-5(e), an applicant must file a charge of racial discrimination with the Equal Employment Opportunity Commission "within three hundred days after the alleged unlawful employment practice occurred." The filing of such a charge within the statutory time limit is a jurisdictional prerequisite to the commencement of a Title VII action in district court. Patterson v. General Motors Corp., 631 F.2d 476, 483 (7th Cir. 1980), cert. denied, 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981).
 
 
 9
 The incident underlying the plaintiff's first claim, i.e., his transfer from a job on a New Britain machine to deburring, occurred on March 3, 1975. His first EEOC charge was not filed until February 3, 1976. Clearly it was out of time.
 
 Rule 41(b) Dismissals
 
 10
 Fed.R.Civ.P. 41(b) provides that, at the close of a plaintiff's presentation of evidence, a district court may involuntarily dismiss his action if he has shown no right to relief under the facts and law. The court must make factual findings as provided in Fed.R.Civ.P. 52(a) to support such a judgment. In this instance, the district court's disposition conformed to that standard. The court articulated the requirements for establishing a prima facie case of discrimination against each of the defendants.[5] It then made findings indicating that, for each claim, the plaintiff failed to meet his burden of proof. The plaintiff now points to several isolated passages in the record that he alleges are inconsistent with that result. His showing is inconsequential. We cannot conclude that the district court's findings were clearly erroneous, and thus we affirm the court's dismissal. Patterson v. General Motors Corp., 631 F.2d at 487; Penn-Texas Corporation v. Morse, 242 F.2d 243, 246 (7th Cir. 1957).
 
 
 11
 In addition, the plaintiff's charge that the defendants failed to submit evidence of non-discrimination does not compel a different result. Because the plaintiff did not establish a prima facie case of discrimination, the burden never shifted to the defendants to respond. Donaldson v. Taylor Product Div. of Tecumseh, 620 F.2d 155, 159 (7th Cir. 1980).[6]
 
 Admissibility of Exhibit
 
 12
 During the trial, the district court accepted Exhibit E, a foreman's report relating to the plaintiff's work on the Goss machine, submitted by the Company. At the time of its offer, the trial judge specifically asked the plaintiff if he had any objections to the admission of the exhibit. The plaintiff replied that he did not. Thus, the plaintiff is precluded at this stage from challenging the admissibility of the exhibit. Fed.R.Evid. 103(a); United States v. Baskes, 649 F.2d 471, 480 n.8 (7th Cir. 1980).
 
 Problems of Discovery
 
 13
 In an order dated February 29, 1980, the district court granted the plaintiff a trial continuance on this same ground: that the defendants had not supplied him with requested information. Even at that time, however, the court noted that its response was prompted "out of an abundance of caution and because the plaintiff is acting pro se." Regarding the substantive claim, the court observed:
 
 
 14
 (The plaintiff's complaint) is simply inaccurate, as the record reveals. The information has been made available to the plaintiff, and he was so advised. He has simply failed to pursue the availability of the information.
 
 
 15
 The plaintiff has made no showing to refute that finding. Thus, this final argument must also fail.
 
 II
 
 16
 Beyond the plaintiff's substantive challenges, this appeal also presents a somewhat novel attorney's fees question. As noted earlier, the district court allowed the defendants attorney's fees for their trial work. That award is not contested. However, the Company requests this court to allow an additional award for its efforts in this appeal. This court has never analyzed the question of whether attorney's fees may be awarded to a defendant-appellee who prevails on appeal in a Title VII case. Thus, before responding to that request, we must examine our power in this area.
 
 
 17
 * 42 U.S.C. § 2000e-5(k) provides:
 
 
 18
 In any action or proceeding under (Title VII) the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs....
 
 
 19
 The statute, on its face, does not make distinctions on the basis of the alignment of the prevailing party or the nature of the court. We must ask whether there are reasons to read such distinctions into the section.
 
 
 20
 As to the question of whether a party's alignment is significant, the answer is clearly no. In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court held that, under the statute, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421, 98 S.Ct. at 700. The Court noted that although some of the "strong equitable considerations counseling an attorney's fee award to a prevailing Title VII plaintiff ... are wholly absent in the case of a prevailing Title VII defendant,"[7] nevertheless, in enacting the statute, Congress "wanted to protect defendants from burdensome litigation having no legal or factual basis." Id. at 418, 420, 98 S.Ct. at 698, 699. Thus, the Court affirmed the power of the district court to make the award.
 
 
 21
 There also appears to be no reason to impose a trial-appellate distinction in this scheme. The Fifth Circuit, in granting appellate attorney's fees to a prevailing Title VII plaintiff, has refused to make such a demarcation. Marks v. Prattco, Inc., 633 F.2d 1122 (5th Cir. 1981). Although we have not had occasion to discuss this question under Title VII, we have rejected the distinction in an analogous context. In Bond v. Stanton, 630 F.2d 1231 (7th Cir. 1980), we found that 42 U.S.C. § 1988, a statute that also authorizes "a court to allow a reasonable attorney's fee to a prevailing party,"[8] could support an award of attorney's fees for appellate work to a prevailing civil rights plaintiff. Thus, we find that section 2000e-5(k) does confer power on an appellate court to allow a reasonable attorney's fee for appellate work to a prevailing Title VII defendant-appellee.
 
 
 22
 Returning to the teaching of Christiansburg Garment Co., however, we also recognize that the Court cautioned that the exercise of the power to grant fees to a prevailing defendant must be made under a much stricter standard than is applied when considering awards to prevailing plaintiffs.[9] Logically, this limitation should also extend to a defendant-appellee. Thus, we find that an appellate court may exercise its power to award attorney's fees to a prevailing defendant-appellee only if the plaintiff's appeal is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[10]
 
 B
 
 23
 Evaluating the circumstances of this case, it is apparent that an award of attorney's fees to both defendants for appellate work is appropriate. In its order dismissing the case, the district court explicitly found that the "plaintiff's claims against (the defendants) were entirely groundless." Moreover, the court noted that the plaintiff "knew or should have known (that his claims were frivolous) long before trial," and that court-appointed counsel clearly informed the appellant that the "case was wholly lacking in merit."[11]
 
 
 24
 In this appeal, the plaintiff, in a perfunctory brief, has failed to present any arguable reason why the district court erred in its disposition. He basically restates arguments that the lower court properly rejected. His additional allegations are either collateral or meritless. The plaintiff has also consumed considerable time and energy of both this court and the appellees by repeatedly attempting to modify the record on appeal. Finally, this court explicitly rejected the plaintiff's motion for appointment of counsel for this appeal. That should have served as a further indication that his objections were misguided.
 
 
 25
 We share the district court's "reluctance to award a defendant attorney's fees in any civil rights case, especially in an employment discrimination case, because of the danger of discouraging persons with valid claims from pursuing them." However, in view of the frivolity, unreasonableness, and lack of foundation that mark this appeal, we find that it is one of those "few troubling cases" in which Title VII defendants-appellees are entitled to attorney's fees for appellate work.
 
 
 26
 Accordingly, we affirm the judgment of the district court and remand for entry of an appropriate award of attorney's fees to the defendants-appellees for their appellate work in this matter. Bond v. Stanton, 630 F.2d at 1236.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." The plaintiff-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The court also noted that "even if the plaintiff had established a prima facie case on any or all of the charges, it is clear from the evidence that the Company had sufficient, non-discriminatory reasons (for its actions)."
 
 
 [2]
 Motion to Supplement the Record (3/23/81); Motion to Supplement the Record (4/3/81); Motion to Supplement the Record (5/1/81); Motion to Correct or Modify the Record (7/8/81); and Motion to Strike Matter from the Record (7/20/81)
 
 
 [3]
 In an order issued June 9, 1981, this court explained that because the subject matter of the initial motion to supplement-a deposition of Bugg and copies of grievances-had never been filed in the district court, the original modification was improvidently granted
 
 
 [4]
 The plaintiff, in his reply brief, also urges that a certain deposition should be added to the record, and that the Company is liable to him for breach of a commitment to repay past wages. Because these issues were not presented in the plaintiff's initial brief, they are not properly before this court. Fed.R.App.P. 28(a); American Meat Institute v. Environmental Protection Agency, 526 F.2d 442, 459 (7th Cir. 1975)
 
 
 [5]
 To establish a claim against the Union, the plaintiff was required to show: (1) that the company committed a violation of the collective bargaining agreement with respect to the plaintiff; (2) that the Union permitted that breach to go unrepaired, thus breaching its own duty of fair representation; and (3) that there was some indication that the Union's actions were motivated by racial animus. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)
 To establish a claim against the Company, the plaintiff was required to show: (1) that he belongs to a protected class; (2) that he was qualified for the job from which he was transferred; (3) that, despite his qualifications, he was transferred; and (4) that, after his transfer, the job was filled by someone of the same qualifications as plaintiff, but not by a member of a protected class. McDonnell Douglas Corp. v. Green, supra; Davis v. Weidner, 596 F.2d 726 (7th Cir. 1979).
 
 
 [6]
 Even assuming arguendo that the plaintiff established a prima facie case, the court also found that the Company articulated a legitimate, non-discriminatory reason for its actions. The plaintiff did not answer that rebuttal. Gaballah v. Johnson, 629 F.2d 1191, 1200 (7th Cir. 1980)
 
 
 [7]
 Namely: (1) the plaintiff is the chosen instrument of Congress to vindicate the policy of anti-discrimination in this context, and (2) when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law
 
 
 [8]
 Thus, both sections belong to that more "flexible" class of attorney's fees statutes that neither mandate an award nor restrict an award to certain parties. See Christiansburg Garment Co. v. EEOC, 434 U.S. at 415-16, 98 S.Ct. at 697
 
 
 [9]
 A prevailing Title VII plaintiff should normally recover an attorney's fee unless special circumstances render such an award unjust. Albemarle Paper Co. v. Moody, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975)
 
 
 [10]
 Note that the standard focuses on the frivolity of the plaintiff's appeal. Although a district court's determination that the plaintiff's original action was frivolous or meritless may be probative of the efficacy of the appeal, such a determination is neither necessary nor sufficient to support an appellate award
 
 
 [11]
 See note 10, supra