795 F.2d 33
 42 Fair Empl.Prac.Cas. 1520,
41 Empl. Prac. Dec. P 36,549
Ronald William BACON, Plaintiff-Appellant,
v.
AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL
EMPLOYEES COUNCIL, # 13, Defendant-Appellee.
 No. 85-2377.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Feb. 12, 1986.
Decided July 2, 1986.
 
 Ronald W. Bacon, Rockford, Ill., for plaintiff-appellant.
 Gail E. Mrozowski, Cornfield & Feldman, Chicago, Ill., for defendant-appellee.
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 Ronald Bacon appeals from the dismissal by the district court of his Title VII claim against his union, which he alleges failed, because of his race and sex, to represent him fairly in a grievance proceeding against his employer. The union moved for summary judgment, which the district court granted in an opinion that properly disposes of the issues and that we adopt as our decision on the merits.
 
 
 2
 The purpose of this opinion is merely to explain why we have decided to require Mr. Bacon to pay the union's attorney's fees incurred in defending against the appeal in this court. A prevailing defendant in a suit under Title VII is entitled to attorney's fees if the plaintiff's suit is frivolous, Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978), and to attorney's fees incurred in the appeal if the appeal is frivolous, Bugg v. International Union of Allied Industrial Workers of America, Local 507, 674 F.2d 595, 599-600 (7th Cir.1982), or to damages in lieu of attorney's fees, Fed R.App.P. 38. And since requiring the payment of attorney's fees because a claim or defense (as the case may be) is frivolous is a sanction designed as much to protect the court from the burdens of fruitless litigation as to protect the prevailing party from having to bear the cost of defending against utterly meritless contentions, such payment may be ordered even if not requested by the prevailing party. Wang v. Gordon, 715 F.2d 1187, 1190-91 (7th Cir.1983).
 
 
 3
 In a civil case, where there is no right to appointment of counsel, courts naturally are more lenient when it comes to assessing against litigants not represented by counsel sanctions for frivolous litigation than they are in the case of litigants who do have counsel. A layman cannot be expected to realize as quickly as a lawyer would that a legal position has no possible merit, and it would be as cruel as it would be pointless to hold laymen who cannot afford a lawyer--which so far as appears is Mr. Bacon's position--to a standard of care that they cannot attain even with their best efforts. Nevertheless, when a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed, as this and other courts have frequently done in "tax protester" and other frivolous pro se suits. See, e.g., Coleman v. Commissioner, 791 F.2d 68, 71-72 (7th Cir. 1986); Wisconsin v. Glick, 782 F.2d 670 (7th Cir.1986); Bugg v. International Union of Allied Industrial Workers, Local 507, supra, 674 F.2d at 600-01; Mathes v. Commissioner, 788 F.2d 33 (D.C.Cir.1986) (collecting cases); Triola v. Dept. of Transportation, 769 F.2d 760, 762 (Fed.Cir.1985). It is no defense that the pro se litigant may not have thought his cause hopeless; we cannot peer into a litigant's mind; it is enough that a reasonable person in his position would have known that he had no basis for challenging the district court's decision. See Munson v. Friske, 754 F.2d 683, 698 n. 10 (7th Cir.1985).
 
 
 4
 The present case is one where the pro se litigant's brief is not merely inartful and does not merely reflect a lack of firm grasp over the relevant principles of law. The brief is essentially incoherent and makes no colorable effort to point out legal or factual errors in the district judge's patient opinion. The brief merely rings changes on the theme that the plaintiff "has been extradinorily [sic] over taxed by judge as a result of the basis for his decision against the plaintiff." This case is governed by Bugg, where we noted that "the plaintiff, in a perfunctory brief, has failed to present any arguable reason why the district court erred in its disposition." 674 F.2d at 600. That was also an employment discrimination case. We reaffirm Bugg, and while recognizing that it involved various aggravating factors not present here, such as the plaintiff's repeated motions to supplement the record on appeal, we apply the principle of Bugg to this case; for there is no suggestion in our opinion in Bugg that we meant its specific facts to determine the outer bounds of the principle there announced. As the workload of the federal appellate courts rises, the courts must be ever more vigilant to avoid being distracted from serious cases by frivolous ones. The appellees shall submit a statement of costs and fees within 15 days.
 
 
 5
 AFFIRMED.
 
 
 6
 RIPPLE, Circuit Judge, concurring in part and dissenting in part.
 
 
 7
 I concur in the court's judgment insofar as it affirms the judgment of the district court. I also concur in that portion of the opinion which adopts the reasoning of the district court. However, I respectfully dissent from the award of attorney's fees to the defendant.
 
 
 8
 In dealing with a pro se litigant, the line between bad faith and mere ineptitude is often difficult to ascertain. Here, I am unable to conclude with certainty that this case presents the sort of frivolous, vexatious appeal which would warrant the imposition of attorney's fees.