4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Subhen GHOSH, Plaintiff-Appellant,
v.
Doreen H. LINDLEY, et al., Defendants-Appellees.
 Nos. 92-1237, 92-1899.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 12, 1993.*
Decided Aug. 17, 1993.
 
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Subhen Ghosh appeals from the district court's entry of summary judgment and imposition of sanctions against him pursuant to Federal Rule of Civil Procedure 11. We affirm.
 
 
 2
 * Whether construed as a diversity action under Illinois law or as a suit pursuant to 42 U.S.C. Sec. 1983, Ghosh's complaint fails to establish subject matter jurisdiction or to state a claim.
 
 
 3
 * If Ghosh intended to bring his suit in diversity, it failed to confer jurisdiction on the district court. "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (citing Strawbridge v. Curtiss, 3 Cranch 267 (1806)). Ghosh, a citizen of Indiana, destroyed complete diversity by naming Richard Windisch, also a citizen of Indiana, as defendant. For that reason, the district court correctly dismissed the suit.
 
 B
 
 4
 If, in the alternative, Ghosh intended to sue for a violation of some federal right, none of the seven counts in his complaint states a claim. In count I, Ghosh accuses four of the defendants--the special prosecutor, an employee of the Illinois Department of Children and Family Services (DCFS), and two employees of the Illinois Department of State Police--of pressing false charges of child abduction against him in a state suit. In count II, Ghosh alleges that the defendant, another employee of the DCFS, knowingly pressed false charges of disorderly conduct against him in a state case. Neither of these claims is cognizable because malicious prosecution is not a constitutional tort under Sec. 1983. Albright v. Oliver, 975 F.2d 343 (7th Cir.1992), cert. granted, 113 S.Ct. 1382 (1993). See also Mahoney v. Kesery, 976 F.2d 1054, 1062 (7th Cir.1992).
 
 
 5
 Even in the event that the Supreme Court reverses Albright, the first and second counts run afoul of the statute of limitations. Count III fails to state a claim for the same reason. Ghosh devotes considerable energy to arguing that the five-year state statute of limitations is appropriate in cases such as this--an argument we have considered before and rejected. Our cases firmly establish that Sec. 1983 cases arising in Illinois are governed by the state's two-year statute of limitations for personal injury claims, IL.REV.STAT. ch. 110, p 13-202. Farrell v. McDonough, 966 F.2d 279, 280 (7th Cir.1992), cert. denied, 113 S.Ct. 1059 (1993); Kalimara v. Illinois Department of Corrections, 879 F.2d 276 (7th Cir.1989) (per curiam); Pearson v. Gatto, 933 F.2d 521, 525 n. 3 (7th Cir.1991). The statute of limitations on count I began to run when the child abduction charges against Ghosh were dismissed on April 13, 1987. Ghosh did not file suit until more than two years later. Likewise, the claim in count II is time-barred because Ghosh did not file suit within two years of February 18, 1986, the date that the disorderly conduct suit was dismissed. In count III Ghosh claims that Windisch and two unknown persons removed him and his son from Ghosh's home on December 27, 1986 without a warrant or court order. He alleges as well that he was questioned in violation of his Miranda rights and incarcerated for four days without just cause. Like the allegations in counts I and II, these claims came too late. Ghosh's assertions that the statutes of limitations were tolled are without merit.
 
 
 6
 The remaining counts allege that Anuradha Roy, Ghosh's wife, filed false charges against him, harassed him by abusing the legal process, and maliciously interfered with his right to visit with their son. A claim is cognizable under Sec. 1983 only if the conduct complained of is committed by a person acting under color of state law. Estate of Himelstein v. Ft. Wayne, 898 F.2d 573, 575 (7th Cir.1990). Roy is not a state actor.
 
 II
 
 7
 The appellees assert that we are without jurisdiction to review the district court's imposition of sanctions under Federal Rule of Civil Procedure 11 because Ghosh filed an untimely notice of appeal. They are incorrect. The district court's order granting the sanctions was entered on the district court docket on February 5, 1992. Ghosh had ten days from that date to make and to serve a motion under Rule 59(e), Cange v. Stotler and Co., 913 F.2d 1204, 1212 (7th Cir.1990), not counting any days falling on a weekend or the President's Day holiday observed on Monday, February 17. See Fed.R.Civ.P. 6(a). He served opposing counsel well within the required period.
 
 
 8
 Ghosh for his part argues that the district court did not have jurisdiction to order sanctions in the first instance. This argument is unavailing because "district courts possess inherent power over Rule 11 motions even under circumstances where jurisdiction over the underlying case is absent...." Wojan v. General Motors Co., 851 F.2d 969, 972 (7th Cir.1988). We review the district court's imposition of sanctions under Rule 11 for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Automatic Liquid Packaging, Inc. v. Dominik, 909 F.2d 1001, 1004 (7th Cir.1990). Sanctions can be imposed for any suit that is frivolous, and Ghosh's pro se status does not save him. Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir.1990), cert. denied, 498 U.S. 1050 (1991). Ghosh points to no authority, nor are we aware of any, placing an obligation on the court or the opposing parties to warn him that he might be a candidate for Rule 11 sanctions. Moreover, the suggestion that he had no knowledge that his suit might be frivolous verges on disingenuous. Ghosh has filed previous lawsuits with similar claims against the same defendants both in state and federal courts. His utter lack of success in those other fora should have signalled that he faced a Sisyphean task in the district court. "[W]hen a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed...." Bacon v. American Federation of State, County and Municipal Employees Council, # 13, 795 F.2d 33, 35 (7th Cir.1986). We find no abuse of discretion in the imposition of sanctions or the amount awarded.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument". See Fed.R.App.P. 34(a) and Circuit Rule 34(f). Ghosh requested oral argument, and we have concluded that it is unnecessary