19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dawn BRADLEY, Plaintiff-Appellant,
v.
OFFICERS OF THE CHICAGO POLICE DEPARTMENT, et al.,
Defendants-Appellees.
 No. 93-2272.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1994.*
Decided March 23, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Dawn Bradley appeals from the dismissal of her third amended complaint brought under 42 U.S.C. Secs. 1983 and 1985.
 
 
 2
 Bradley's complaint concerned allegedly defamatory records in the possession of the Chicago Police Department. It specified four "causes of action" against the defendants:
 
 
 3
 Number one is for the damages alleged from the public records filed and displayed of me by these [police] officers listed in the caption and # 2. A second Cause of action is a response by the Plaintiff to the eavesdropping privileges taken by the defendants The Officers of the Chicago Police Department and constitutents of The Chicago Police Department violating her constitutional rights and to the right of privacy and or of the Plaintiffs right to travel or to relocate was violated by the eavesdropping. The right to travel is a part of the liberty of which the citizen cannot be deprived without the Due Process of the Law under the Fifth Amendment. # 3. A Third cause of action is for no protection given me from the general public or from public harrassment or harrassment by the officers. # 4. A forth cause of action is for the transporting of the files to separate County's or out of the city without a court date or hearing.
 
 
 4
 The district court dismissed the complaint for failure to state a cognizable claim against any defendant. The court also stated that the allegations in the complaint are insufficient to establish the defendants' personal involvement or official capacity liability. The district court added that the allegations are "fantastic or delusional" and therefore factually frivolous.
 
 
 5
 Bradley does not dispute the district court's characterization of her claims. Nor does she take issue with the district court's rationale for dismissing her case. She merely states that "the Judge was wrong in overruling the issues," without developing any legal argument. Thus, Bradley's brief is inadequate. The brief contains only one substantive argument--that officers falsely arrested Bradley or used excessive force in effectuating her arrest. This argument is raised for the first time on appeal, so it is waived. See, e.g., Saenz v. Young, 811 F.2d 1172, 1174 (7th Cir.1987).
 
 
 6
 A plaintiff who appeals the dismissal of her case must tell us why the district court was wrong. See Fed.R.App.P. 28(a)(5) (appellant's brief must "contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."). A pro se brief that "neither cites any legal authorities nor specifies any error in the district court's decision" is frivolous. Brooks v. Allison Div. of General Motors Corp., 874 F.2d 489, 490 (7th Cir.1989); see Bacon v. AFSCME Council, No. 13, 795 F.2d 33, 35 (7th Cir.1986). This court has no duty to research and construct legal arguments available to a party. E.g., Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990); Smith v. Town of Eaton, 910 F.2d 1469, 1471 (7th Cir.1990); John v. Barron, 897 F.2d 1387, 1393 (7th Cir.1990). As Bradley has offered no reason to doubt the propriety of the dismissal, the judgment of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record