42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Columbus SANDERS, Plaintiff-Appellant,
v.
LOS ANGELES UNIFIED SCHOOL DISTRICT; Ed Sams; Tony Rivas,
Supervisor; United Teachers Los Angeles,
Defendants-Appellees.
Columbus SANDERS, Plaintiff-Appellant,
v.
LOS ANGELES BOARD OF EDUCATION, Los Angeles Unified School
District; Dr. Tony Rivas; Dr. Ed Sams; United Teachers
Los Angeles, United Teachers Los Angeles Grievance
Resolution Committee; United Teachers Los Angeles Board of
Directors, Defendants-Appellees.
 Nos. 93-55397, 93-55569.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 4, 1994.*
Decided Nov. 21, 1994.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 In this consolidated appeal, Columbus Sanders challenges pro se the district court's grant of summary judgment in favor of the Los Angeles Unified School District ("LAUSD"), United Teachers Los Angeles ("UTLA"), and others (No. 93-55397), and dismissal of his action against the Los Angeles Board of Education and others (No. 93-55569). The actions arise out of Sanders' employment with LAUSD as an elementary school teacher, and involve alleged violations of Title VII, 42 U.S.C. Sec. 2000e, and 42 U.S.C. Secs. 1981-1986, as well as claims of intentional infliction of emotional distress. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, review de novo the grant of summary judgment, Matter of McLinn, 739 F.2d 1395 (9th Cir.1984) (en banc), review for abuse of discretion the dismissal for failure to prosecute, Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962), and affirm.
 
 I.
 
 4
 The district court granted summary judgment in favor of LAUSD in No. 93-55397 because all of Sanders' claims against LAUSD are barred by the Eleventh Amendment to the United States Constitution.
 
 
 5
 We recognized in Belanger v. Madera Unified School Dist., 963 F.2d 248 (9th Cir.1992), cert. denied, 113 S.Ct. 1280 (U.S. Feb 22, 1993), that a California school district is considered a state agency for purposes of the Eleventh Amendment. Thus, LAUSD cannot be sued absent a waiver of its immunity. None is alleged here. The district court thus properly dismissed all claims against LAUSD which seek retrospective relief.
 
 
 6
 Sanders also seeks "equitable relief". Apparently he believes that discrimination by LAUSD is ongoing and wants the court to bring an end to that discrimination. The district court called this claim "merely ... a pretext for an otherwise straight-forward claim of damages against LAUSD." (Citing Edelman v. Jordan, 415 U.S. 651, 668 (1974)). Finding no error in the district court's characterization of Sanders' claim for "equitable relief", we affirm the court's dismissal of all claims against LAUSD in No. 93-55397.
 
 II.
 
 7
 The district court dismissed Sanders' 42 U.S.C. Sec. 1981 action against UTLA on the grounds that Sanders failed to make out a prima facie claim of discrimination against the Union.
 
 
 8
 Bugg v. International Union of Allied Indus. Workers of America, 674 F.2d 595 (7th Cir.), appeal dismissed, cert. denied, 459 U.S. 805 (1982), set out a three-pronged test for establishing a prima facie claim of discrimination against a union:
 
 
 9
 (1) that the company committed a violation of the collective bargaining agreement with respect to the plaintiff; (2) that the Union permitted that breach to go unrepaired, thus breaching its own duty of fair representation; and (3) that there was some indication that the Union's actions were motivated by racial animus.
 
 
 10
 Id. at 598 n. 5. Under this test, Sanders' claim against UTLA must fail because he did not show that UTLA's refusal to process his grievance was due to racial animus. Rather, UTLA refused to process the grievance because the explicit language of the collective bargaining agreement prohibited resolution of claims based on racial discrimination.
 
 
 11
 Sanders' Title VII claim against UTLA fails for the same reason. A prima facie case for Title VII discrimination requires a showing that:
 
 
 12
 (1) He has engaged in statutorily protected expression;
 
 
 13
 (2) He has suffered an adverse employment action; and
 
 
 14
 (3) There is a causal link between the protected expression and the adverse action.
 
 
 15
 E.E.O.C. v. Crown Zellerbach Corp., 720 F.2d 1008, 1012 (9th Cir.1983). The district court found that Sanders' was able to make out the first two elements. Sanders failed on the third element, however, because "he has not shown that the reason why UTLA did not process his grievance to arbitration was due to UTLA's desire to retaliate against Sanders for filing the grievance against the LAUSD." We agree that Sanders failed on his proof as to the third element, not because he failed to show UTLA had a desire to retaliate against him, but rather because Sanders failed to show that similarly situated non-minority employees would have received arbitration. In other words, Sanders' adverse employment action was not the result of discrimination; it was the result of adherence by UTLA to the terms of the collective bargaining agreement.
 
 
 16
 Finally, Sanders claim of intentional infliction of emotional distress against UTLA must also fail. Once again, Sanders offered no proof of actual discrimination by UTLA. We therefore affirm the district court's dismissal of all claims against UTLA.
 
 III.
 
 17
 In No. 93-55569 the district court ordered Sanders to show cause why the case should not be dismissed for failure to prosecute. Sanders responded that "the court may choose [to] close the case and allow the Department of Justice to do whatever it likes concerning the case." That is what the court did. We find no abuse of discretion and therefore affirm the dismissal for failure to prosecute.
 
 
 18
 For the foregoing reasons, the decisions of the district court are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3