108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Mario Charles COGGINS, Plaintiff-Appellant,
v.
297 LENOX REALTY CO. and Local 2, New York State Independent
Union of Building Service Employees and Factory
Workers, N.F.I.U., Defendants-Appellees.
 No. 96-9062.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 1
 APPEARING FOR APPELLANT: Mario Charles Coggins, Brooklyn, New York, pro se.
 
 
 2
 APPEARING FOR APPELLEES: Harry M. Weinberg, Mayer, Weiner, Levinson & Weinberg, Garden City, New York, for 297 Lenox Realty Co.
 
 
 3
 Wendell V. Shepherd, Law Offices of Roy Barnes, Esq., Elmsford, New York, for N.Y.S. Industrial Union Local No. 2.
 
 
 4
 JOHN M. WALKER, Jr., JOSEPH M. McLAUGHLIN, Circuit Judges, and DENNY CHIN,* District Judge.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Reena Raggi, Judge ) and was argued by plaintiff-appellant and defendant-appellee, Local No. 2, New York State Independent Union of Building Service Employees and Factory Workers, and submitted by defendant-appellee, 297 Lenox Realty Co.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the United States District Court for the Eastern District of New York is AFFIRMED.
 
 
 7
 Plaintiff, Mario Coggins, challenges the district court's orders granting his employer, 297 Lenox Realty Co. ("297 Lenox"), and his union, Local No. 2, New York State Independent Union of Building Service Employees and Factory Workers ("Local No. 2"), summary judgment on plaintiff's various claims, including (1) charges against his employer of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII"), and of failing to make Internal Revenue Service as well as pension plan payments on his behalf and (2) a charge against his union of breaching its duty of fair representation because of discriminatory animus. Coggins' various challenges, however, are without merit; accordingly, we affirm the orders of the district court.
 
 
 8
 Coggins began working for 297 Lenox in 1983, as a superintendent in a building located at 297 Lenox Avenue in Brooklyn, New York. Around that time, plaintiff became a member of Local No. 2. In accordance with New York Housing Maintenance Code, Coggins resided at his place of work, providing janitorial and other services. 297 Lenox provided Coggins a residence rent-free. Plaintiff performed his duties at 297 Lenox until July 1992 when he sustained an on-the-job injury, leaving him totally disabled. It is undisputed that this injury made Coggins physically incapable of performing his duties for 297 Lenox. Soon thereafter, 297 Lenox hired a temporary replacement for Coggins, providing the replacement with rent-free quarters on the premises. 297 Lenox inquired periodically about plaintiff's status and his expectations for resuming work; however, Coggins refused (or was unable) to provide his employer with such a projection. Accordingly, by letter dated November 10, 1992, 297 Lenox terminated Coggins' employment, citing physical inability to perform his duties.
 
 
 9
 On December 23, 1992, Coggins, acting pro se, brought suit against defendants under Title VII. Plaintiff alleged various wrongs, including 297 Lenox's discriminatory discharge on the basis of race and national origin, Local No. 2's discriminatory breach of its duty of fair representation, and 297 Lenox's failure to make certain payments to the IRS and to his pension account. 297 Lenox moved for summary judgment in March 1993, alleging that it was not an "employer" within the meaning of Title VII and, with respect to Coggins' pension and tax claims, that it had made all appropriate payments. On August 24, 1993, the district court granted 297 Lenox's motion with respect to the pension and tax claims and denied the motion in all other respects.
 
 
 10
 Thereafter Coggins retained counsel and amended his complaint, adding, inter alia, a claim of retaliatory discharge against 297 Lenox. Both 297 Lenox and Local No. 2 moved for summary judgment. At a hearing on defendants' motions, the district court granted summary judgment on all claims. On July 25, 1996, judgment was entered. Plaintiff filed a timely notice of appeal.
 
 
 11
 Reviewing the district court's decision de novo, see B.F. Goodrich v. Betkoski, 99 F.3d 505, 513-14 (2d Cir.1996), we conclude that the district court properly granted summary judgment on Coggins's claims. He plainly failed to adduce evidence upon which a reasonable jury might rest a verdict in his favor.
 
 
 12
 With respect to his Title VII claims, Coggins failed to establish a prima facie case of disparate treatment, without which such a claim cannot survive a motion for summary judgment. To do so, plaintiff is required to establish (1) that he was a member of protected class, (2) that he was qualified for the position, (3) that he was subject to an adverse employment decision, and (4) that the decision occurred under circumstances giving rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). It is undisputed that Coggins failed to proffer evidence that he was qualified for the position from which his discharged. At no time during the course of the action did Coggins assert that he was able to perform the duties of superintendent. In fact, the disabling injury he suffered in 1993 continued to plague Coggins at the time he pressed his suit below. See Coggins' Deposition at 125 ("Until today I still can't even work because I am still in pain.").
 
 
 13
 For the same reason, plaintiff's claim of retaliatory discharge under Title VII must fail. To establish a prima facie case of retaliatory discharge (and thus survive a motion for summary judgment), plaintiff must establish (1) that he engaged in protected activity, (2) that the employer was aware of the activity, (3) that the employee was the subject of an adverse employment decision, and (4) that there was a causal connection between the protected activity and the adverse employment action. Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir.1996). Once plaintiff establishes a prima facie case, the employer may prevail if it proffers a non-discriminatory, non-pretextual reason for the discharge. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir.1996). In this instance, 297 Lenox has proffered--and Coggins has not contested--such a reason: plaintiff was physically unable to perform the work required of a superintendent. Thus, summary judgment was appropriate.
 
 
 14
 Similarly, the district court properly granted the motion of Local No. 2 for summary judgment on Coggins' claims of discriminatory breach of their duty of fair representation. In order to establish a claim under Title VII stemming from a union's breach of its duty of fair representation, a plaintiff must show (1) that the employer committed a violation of the collective bargaining agreement, (2) that the union permitted the violation to go unrepaired, thus, breaching its duty of fair representation, and (3) that the union was motivated by racial animus. See Bugg v. International Union of Allied Indus. Workers, Local 507, 674 F.2d 595, 598 n. 5 (7th Cir.), cert. denied, 459 U.S. 805 (1982). Once again, Coggins failed to proffer evidence sufficient to survive summary judgment. Coggins failed to establish that Local No. 2 breached its duty of fair representation. It is uncontroverted that Local No. 2 made several efforts to assist Coggins in his challenge to 297 Lenox's discharge decision, first initiating arbitration proceedings to challenge the action and, later, after Coggins brought suit against the union itself, offering to employ counsel of Coggins' choosing to pursue the arbitral challenge. Further, there is no evidence in the record that indicates that Local No. 2 acted with racial animus. Finally, Coggins has failed to proffer evidence that 297 Lenox violated the collective bargaining agreement in its discharge decision. Thus, the plaintiff's challenge must fail.
 
 
 15
 We have carefully considered all of plaintiff's other contentions, including his IRS and pension claims, his disparate impact allegations, and his charges of district court bias, and we find them to be without merit. Accordingly, the order of the United States District Court for the Eastern District of New York is AFFIRMED.
 
 
 
 *
 The Honorable Denny Chin of the United States District Court for the Southern District of New York sitting by designation