**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2011[*]
Decided March 11, 2011

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3414

| | |
|---|---|
| HANIYYAH N. ALI, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois |
| | Eastern Division |
| *v.* | |
| | No. 10 C 05466 |
| INTERNATIONAL BROTHERHOOD OF | |
| ELECTRICAL WORKERS, | James B. Zagel, |
| LOCAL 21, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Haniyyah Ali filed an employment discrimination suit against the International
Brotherhood of Electrical Workers, Local 21. The district court dismissed the case sua sponte
as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I). On appeal Ali contends that, although the

---

[*] After examining the briefs and the record, we have concluded that oral argument is
unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P.
34(a)(2)(C).

IBEW Local 21 was not her employer, she pleaded a valid retaliation claim under Title VII against the union. We affirm the judgment of dismissal.

Ali filed a form "Complaint of Employment Discrimination," alleging that Illinois Bell suspended and then terminated her in retaliation for taking short-term disability leave and reporting sexual harassment. She also complains that IBEW Local 21 did not assist her quest for reinstatement and was "not helpful" and "did not follow protocol" to grieve her discharge. Characterizing her union as her employer, but adding that the union "works for" AT&T, Ali brought claims for discrimination on the bases of disability, race, sex, and religion against the union alone. The court dismissed her complaint, reasoning that she complained of employment discrimination but sued the union rather than her former employer (Illinois Bell Telephone Company) in this case. The court treated as implausible the allegation that the union was her employer. *See* 28 U.S.C. § 1915(e)(2)(B)(I), (ii); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). We review the dismissal de novo. *See Polzin v. Gage*, No. 10-1545, 2011 WL 559956, at *3 (7th Cir. Feb. 18, 2011).

Under Title VII a union can face liability in two ways. A union that employs workers may be liable, like any other employer, for discrimination arising out of the employment relationship. *See* 42 U.S.C. §§ 2000e-2(a), e(b); *Ferroni v. Teamsters Local 222*, 297 F.3d 1146, 1150-51 (10th Cir. 2002); *Chavero v. Local 241*, 787 F.2d 1154, 1155, n.1 (7th Cir. 1986). And in its role as a labor organization, a union may liable for discriminating against its members on a prohibited ground when performing *union* functions. *See* 42 U.S.C. § 2000e-2(c),(d); *Maalik v. Int'l Union of Elevator Constructors, Local 2*, 437 F.3d 650, 654 (7th Cir. 2006); *EEOC v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656, 659 (7th Cir. 2003); *Bugg v. Int'l Union of Allied Indus. Workers of Am., Local 507*, 674 F.2d 595, 599 n.5 (7th Cir. 1982).

Although Ali invoked the first theory of discrimination in her complaint by alleging that IBEW Local 21 was her employer, on appeal Ali concedes that only Illinois Bell was, in fact, her employer. Indeed Ali is currently litigating an employment discrimination lawsuit against Illinois Bell. *See* Am. Compl., *Ali v. Ill. Bell Tel. Co.*, No. 1:10-cv-02138 (N.D. Ill. Nov. 9, 2010), ECF No. 36. There, as on appeal in this case, she claims that Illinois Bell was her employer and that it failed to halt illegal discrimination and harassment in the workplace. With Ali now abandoning her contention that IBEW Local 21 was her employer, the allegations set forth in her complaint fail to state a claim of discrimination.

Ali now contends on appeal that we should view her complaint's allegations under the second theory of union liability under Title VII: the union refused to grieve her reinstatement with Illinois Bell in retaliation for her complaints about harassment in the workplace. We have yet to decide whether unions in their capacity as labor organizations

can be liable under Title VII for retaliation. *Cf. Pipefitters Ass'n Local Union 597*, 334 F.3d at 659; *Daniels v. Pipefitters Ass'n Local Union 597*, 945 F.2d 906, 917 (7th Cir. 1991); *Johnson v. Palma*, 931 F.2d 203, 207 (2d Cir. 1991). But we need not reach that issue here because, in the narrative of her complaint, Ali charges only her employer, and not the union, with retaliation. The union is simply accused of failing to pursue her grievance, without any allegation that it did so for retaliatory reasons. Retaliatory intent may be alleged generally, *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009), but it must nevertheless be pleaded to provide notice of the claim; Ali never did so. And Ali never asked the court to amend her complaint to add an allegation of retaliation against the union. The court, therefore, correctly dismissed Ali's employment discrimination complaint against the union.

AFFIRMED.