NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2018[*]
Decided May 21, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-3240

| | |
|---|---|
| LARRY SCRUGGS JR., | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 17-C-0157 |
| | |
| WAUWATOSA SAVINGS BANK, et al., | Lynn Adelman, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Ten years ago Wauwatosa Savings Bank foreclosed a mortgage on properties owned by Advanced Properties and Investments, LLC. Since then, Larry Scruggs—Advanced Properties' sole shareholder—repeatedly has sued the bank, seeking to recover in his name for his company's alleged injuries. Barred from filing any more cases against the bank without the state court's permission, Scruggs now turns to

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

federal court, arguing that the bank committed fraud during the foreclosure proceedings and violated federal law. The district judge dismissed Scruggs's action for lack of standing and imposed sanctions under Federal Rule of Civil Procedure 11. His reasoning is sound, so we affirm the judgment.

In 2007, Wauwatosa Savings Bank (now WaterStone Bank SSB) named Scruggs and Advanced Properties in a state-court foreclosure action. The bank attached to the complaint the mortgage document, which listed four properties, and an "Affidavit of Correction" that added three more. (According to Scruggs, the affidavit was served on him but omitted from the bank's state-court filing.) Scruggs and Advanced Properties did not respond, and the judge entered a default judgment. The bank then successfully moved to dismiss Scruggs from the action because he was not a titleholder of the mortgaged properties, leaving only Advanced Properties. The judge later entered an order confirming the sheriff's sale of the properties.

Scruggs sought to reopen the foreclosure action several months later, acting on his own behalf and purportedly on behalf of Advanced Properties. The Wisconsin court denied that motion, concluding that Scruggs lacked standing because he was not a party to the judgment and, as a nonlawyer, he could not represent Advanced Properties. *Wauwatosa Savings Bank v. Scruggs*, Nos. 2010AP1271, 2010AP1858, 2011 WL 4445831 (Wis. Ct. App. Sept. 27, 2011). Scruggs again tried to reopen, to no avail. *Wauwatosa Savings Bank v. Scruggs*, No. 2013AP2635, 2014 WL 5835810 (Wis. Ct. App. Nov. 12, 2014) (imposing sanctions); *see also Wauwatosa Savings Bank v. Scruggs*, No. 2015AP1267, 2016 WL 8605047 (Wis. Ct. App. Apr. 11, 2016) (imposing additional sanctions for reasserting frivolous arguments).

Scruggs next went to federal court, but the suit was short-lived. He alleged that the bank had lied to the state court by saying that the bank had properly served Scruggs and had attached the "Affidavit of Correction" to its court filings. Scruggs also accused the bank of denying him access to the courts. He invoked provisions under the Constitution, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e; and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. The district judge granted the bank's motion to dismiss. He reasoned that Scruggs lacked Article III standing because the indirect injury that he suffered as a shareholder of Advanced Properties was insufficient to confer standing. Moreover, the judge noted, Scruggs had suffered no personal liability from the foreclosure. And, the judge added, Scruggs's proposed federal-statute claims all were frivolous. Then, because of Scruggs's litigation history and the frivolousness of his suit, the judge granted the bank reasonable attorney's fees and expenses under Rule 11 and warned Scruggs against filing further frivolous papers.

Scruggs now appeals, arguing unpersuasively that he has standing. He observes that he guaranteed Advanced Properties' mortgage, but his status as guarantor of a note does not create standing. Guarantors, like creditors, suffer at most an injury derivative to the debtor. That is not enough to confer standing, especially when, as here, the guarantor does not allege that the guarantee personally cost him money (in this case, because the bank never enforced the guarantee). *See Mid-State Fertilizer Co. v. Exchange Nat'l. Bank of Chicago*, 877 F.2d 1333, 1335–36 (7th Cir. 1989) ("[C]reditors cannot recover directly for injury inflicted on a firm, so guarantors as potential creditors likewise cannot recover."); *see also Frierdich v. United States*, 985 F.2d 379, 382 (7th Cir. 1993) (observing that a guarantor has a "practical stake" in "the property of the person whose debts he has guaranteed," but not enough "to act as if he owned the property").

Nor does Scruggs have standing as a shareholder; Advanced Properties must pursue actions on behalf of its own interests. *See Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008) ("[A] shareholder generally cannot sue for indirect harm he suffers as a result of an injury to the corporation."). Scruggs replies that he has a "personal right" to challenge Wisconsin's foreclosure statutes. But without a personal injury, which his status as a shareholder in this case does not create, he may not do so. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 573–76 (1992) (plaintiff must raise more than a "generally available grievance;" federal jurisdiction requires particularized injury in fact from which plaintiff seeks relief). With no Article III standing, the district judge rightly dismissed the suit.

The district judge also did not abuse his discretion in imposing sanctions. He permissibly relied on Scruggs's litigation history and his frivolous replay of his failed state-court arguments to impose reasonable attorney fees and expenses. *See Bethesda Lutheran Homes & Servs., Inc., v. Born*, 238 F.3d 853, 859 (7th Cir. 2001) (sanctions merited for filing federal claims already resolved by prior litigation); *Bacon v. Am. Fed'n of State, Cty., & Mun. Emps. Council, No. 13*, 795 F.2d 33, 35 (7th Cir. 1986) ("[W]hen a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed …."). And we now warn Scruggs: If he continues to file frivolous papers, he will be fined and any papers that he attempts to file in any court of this circuit will be returned unfiled until that sanction is paid. *See Support Sys. Int'l, Inc., v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

Accordingly, the judgment is AFFIRMED.